PATRICK WHALEN v. PENNSYLVANIA RAILROAD COM-
PANY ET AL.

Argued November 8, 1905—Decided June 11, 1906.

A person who is injured by the negligence of the servant of another,
acting in the line of his employment, may maintain an action
against the master and servant jointly, or he may proceed sepa-
rately against either.

On error to Hudson Circuit Court.

Before GUMMERE, CHIEF JUSTICE, and Justices HEN-
DRICKSON and PITNEY.

For the plaintiff in error, *James B. Vredenburgh.*

For the defendant in error, *John J. Mulvany.*

The opinion of the court was delivered by

GUMMERE, CHIEF JUSTICE.    The plaintiff in this action sued the defendant company and one Spencer, an employe of the company, who was a citizen of New Jersey, for injuries received by him while a passenger upon one of the defendant company's ferryboats.    Plaintiff had a verdict and judgment against both defendants.

It appears in the case that the Pennsylvania Railroad Company, which is a foreign corporation, before filing its plea herein, applied to the Hudson Circuit Court for the removal of the case to the United States Circuit Court; that at the same time it presented to the state court a bond in the form and amount required by the federal statute, and that the bond was approved by the presiding judge of the state tribunal.    It further appears that upon application subsequently made to the Hudson Circuit Court by the plaintiff an order was made dismissing the petition for removal, upon the ground that it set forth no sufficient reason for removal, and requiring the defendant to plead to the declaration within five days after service of a copy of the order.    The first assignment of error attacks the validity of the order dismissing the petition for removal.

The ground upon which the petition for removal was based was "that it appears from the declaration filed in this suit that the alleged injuries were received while said plaintiff was a passenger on a ferryboat of your petitioner, which was in charge of one of its servants, Spencer, who is joined as a co-defendant with your petitioner; that it is not averred that your petitioner was an active party to or in any way participated in the alleged negligence of the said Spencer; and hence the alleged negligence of the said Spencer and your petitioner was not joint, and they have therefore been improperly joined as defendants in said suit."

The petition was properly dismissed.    The averment of

the declaration was that "the said defendants failed and neglected to use due and reasonable care to carry the plaintiff safely in the said boat under their direction, operation and management, and so negligently and carelessly operated, managed and controlled said boat that said boat was, through the negligent and careless conduct of the said Pennsylvania Railroad Company and the said Spencer, its servant, employe and agent, propelled at a high rate of speed against a certain pier or bulkhead, so that said plaintiff, while being carried as a passenger as aforesaid on the said boat of the said defendant company, under the direction and control of the said Spencer, was violently thrown to the deck of said boat, and then and there greatly injured." The negligence alleged is charged to be that of the *defendants,* and the statement that the boat, at the time of the accident, was under the direction of Spencer, does not negative this allegation. Assuming, however, the construction put upon it by the defendant to be correct, the contention that, for this reason, the defendants were *improperly joined,* is not tenable. So far as this court is concerned, the rule is settled that where an injury is caused by the negligence of an agent, acting in the line of his employment, the action may be joint against such agent and his principal, or may be separate against either (*Brokaw* v. *North Jersey Railroad Co.,* 3 *Vroom* 328, 333; *Newman* v. *Fowler,* 8 *Id.* 89, 90), and this rule has, inferentially, received the approval of the Court of Errors and Appeals in the case of *Peterson* v. *Middlesex and Somerset Traction Co. et al.,* 42 *Id.* 296.

The second assignment of error, which is that a joint action cannot be maintained against an employer and employe under the circumstances set out in the declaration, is disposed of by what has already been said.

The third and fourth assignments of error are directed at the refusal of the trial court to nonsuit and its refusal to direct a verdict for the defendants. The motion to nonsuit was rested upon the ground that the plaintiff's proofs show his injuries to have been caused, to some extent at least, by his own negligence. The motion to direct a verdict was

rested upon the same ground, and also upon the further ground that the striking of the boat against the pier was not due to any want of care on the part of those who were operating it, but was caused by "perils of the sea." A recital of the evidence which it is contended discloses error in these refusals will serve no good purpose; it is enough to say, in disposing of the assignments, that our examination of the case satisfies us that neither the existence of negligence on the part of the plaintiff nor the absence of negligence on the part of the defendants was made plain by the proofs. Both questions were therefore properly left to the jury to be determined.

The judgment under review must be affirmed.