LOUIS MARSHALL, Respondent, v. CONSOLI-
DATED JACK MINES COMPANY, Appellant.

Kansas City Court of Appeals, March 2, 1908.

NEGLIGENCE: Minor's Death: Father's Right: Proof: Marriage:
Age of Consent. Before the parent can recover for the death
of a child occasioned by negligence he must allege and prove
that the minor was unmarried and without issue at the time
of his death; and where it is shown that the dead minor was
past sixteen, no presumption can be indulged on the subject
since the age of consent in males is fourteen years.

Appeal from Jasper Circuit Court.—*Hon. Hugh Dabbs*,
Judge.

REVERSED AND REMANDED.

*C. C. Spencer* and *A. E. Spencer* for appellant.

In this statutory action the person suing must
bring himself within the statutory requirements neces-
sary to confer the right of action, and this must appear
in the petition, otherwise it will show no cause of action.
Barker v. Railroad, 91 Mo. 86; Dulaney v. Railway, 21
Mo. App. 597; Sparks v. Railway, 31 Mo. App. 111;
McIntosh v. Railway, 103 Mo. 131.

*McAntire & Scott* for respondent.

(1) Under our statute marriage is a civil contract
to which the consent of the parties capable in law of
contracting is essential. R. S. 1899, sec. 4311. (2)
Under the statute a license is required and any male
under the age of twenty-one years cannot marry without
the consent of his father. R. S. 1899, sec. 4321; State
v. Carpenter, 164 Mo. 588. (3) And a minor at the
age of the deceased was not capable of making a legal
contract. Chapline v. Stone, 77 Mo. App. 529. (4)
The evidence in this case inferentially shows that the
deceased was unmarried. Jackson v. Mining Co., 106
Mo. App. 447. (5) In a case where there was no alle-

gation that the deceased was unmarried, where the circumstances were such that the person could not have been married, the action may be maintained. Czezewzka v. Railway, 121 Mo. 212; McIntosh v. Railroad, 103 Mo. 131; Baird v. Railway, 146 Mo. 280. (6) Every reasonable intendment or inference of fact which the evidence will bear should be made to support the verdict of the jury. Sappington v. Railway, 95 Mo. App. 387; Smolo v. Carson, 95 Mo. App. 426. (7) From the evidence to the effect that the boy was sixteen years and four months old, that he lived with his father, who boarded and clothed him, that he had only been away from home on a visit for a short time: It is conclusively presumed that the jury drew that inference which would support their findings. Baird v. Railway, 146 Mo. 265; Kauleman v. Fire Assn. of Phila., 79 Mo. App. 447; Smith v. Telegraph Co., 57 Mo. App. 266; Bank v. Simpson, 152 Mo. 638; Young v. Webb City, 150 Mo. 333; Keown v. Railroad, 141 Mo. 187; Roe v. Annan, 80 Mo. App. 198.

BROADDUS, P. J.—This action is to recover damages for the death of plaintiff's son, alleged to have been the result of defendant's negligence. The petition among other allegations states that the plaintiff is the father and surviving parent of the deceased; and that deceased was a minor sixteen years of age, unmarried and without issue at the time of his death. There was no evidence that the deceased was unmarried and childless at the time of his death, but it was shown that he was sixteen years and four months old at that time. Under this state of the evidence the court was asked to instruct the jury to return a verdict for the defendant which the court refused.

In Sparks v. Railway, 31 Mo. App. l. c. 114, there was no allegation that plaintiff's son was unmarried at the time of his death. The court held: "As this action

is statutory, and plaintiff's right to sue depends on the fact that the deceased left neither widow nor surviving children, the omission to aver and prove such fact is fatal to plaintiff's recovery." It was held, that a petition alleging that deceased was the minor son of plaintiff, past sixteen years of age, but not stating that he was unmarried, no cause of action was stated. [Dulaney v. Railway, 21 Mo. App. 597.] It was held in a later case, when the petition did not state that deceased was unmarried, but was six years of age at the time of his death, that the allegation was sufficient, in view of the statute requiring a liberal construction of pleadings. In Bellamy v. Whitsell, 123 Mo. App. 610, the petition alleged that the deceased was thirteen years of age. We held that the presumption was, that he was single and unmarried, not having arrived at the age of consent and incapable of marriage. At common law the age of consent in males is fourteen years.

It is to be gathered from what has been said by the courts of this State that, the petition must allege the deceased minor was unmarried, and the allegation must be supported by satisfactory proof, or that the allegations and proof must be of such a character as to raise the presumption that such was the fact. [Baird v. Railway, 146 Mo. 265; Bellamy v. Whitsell, supra.]

But no such presumption can be indulged in this case, as the evidence shows that the deceased minor was of the age of consent and there is nothing to show that he was unmarried. Reversed and remanded. All concur.