Argued December 16, 1924, modified January 20, rehearing denied February 24, objections to cost bill sustained in part March 3, 1925.

## JESSIE M. GRAY *v.* HAMMOND LUMBER CO. AND W. S. LUKINS.

(232 Pac. 637; 233 Pac. 561; 234 Pac. 261.)

**Torts—Violation of Statute may Constitute Tort.**

1.  Where statutes are enacted which undertake to declare rights and establish a standard of conduct for their protection, any acts or omissions in violation of such statute which destroy the enjoyment of such rights may be treated as torts.

---

1.  See 26 R. C. L. 763.

**Pleading—Misjoinder of Causes can Only Arise, Where Two or More Good Causes of Action are Pleaded.**

2. Motion to strike amended complaint because containing two causes of action not pleaded separately was properly overruled, where complaint stated but one good cause of action as against several defendants; there being no misjoinder of causes except where two or more good causes of action are pleaded.

**Parties—Demurrer for Want of Capacity Unavailable, Unless Defect Appears on Face of Complaint.**

3. Under Section 68, Or. L., demurrer for want of capacity to sue must be directed to some disability of plaintiff appearing on face of complaint; it not being enough that complaint fails to aver facts showing capacity.

**Pleading—Objection of No Cause of Action Never Waived.**

4. Objection that a complaint fails to state facts sufficient to constitute a cause of action is never waived.

**Evidence—Inferences from Facts Proved are Evidence.**

5. Reasonable inferences drawn from affirmative facts proved are evidence and not presumptions on presumptions.

**Appeal and Error—Where Objection That Plaintiff not Proper Party to Sue not Suggested Except by General Demurrer, Case on Appeal is Determined on Sufficiency of Complaint After Verdict.**

6. Where defendants filed general demurrer to sufficiency of complaint, but failed to suggest contention that plaintiff was not proper party plaintiff, the case on appeal is to be determined on sufficiency of complaint after verdict.

**Appeal and Error—Findings of Court in Case Tried Without Jury have Force of Verdict.**

7. In an action under Employers' Liability Act for wrongful death of minor son tried without jury, trial court's finding that decedent was of given age and unmarried at time of death *held* to have force of verdict, in view of Section 159, Or. L.

**Pleading—Verdict Cures All Formal Defects.**

8. While a verdict will not supply omission to state facts essential to cause of action, it will cure all formal defects in pleading, and establish every reasonable inference that can be drawn from facts stated.

**Trial—Verdict Should be Reasonably Construed in Light of All Proceedings.**

9. Verdict should have a reasonable intendment and construction, and should be construed and applied in the light of all proceedings.

2. See 21 R. C. L. 467.
3. See 21 R. C. L. 526.
4. See 21 R. C. L. 519.
5. See 10 R. C. L. 870.
7. See 26 R. C. L. 1087.
8. See 21 R. C. L. 615.
9. See 27 R. C. L. 887.

**Pleading—Objection That Mother not Party to Sue for Death of Minor Son Because Complaint Did not Aver He was Unmarried Held Untenable.**

10. In mother's action, under Employers' Liability Act, for wrongful death of minor son alleged to have been seventeen, but not alleged to have been single, objection, made for first time on appeal, that plaintiff was not particular survivor, to whom right of action is given by Section 6788, Or. L., *held* untenable, in view of findings of court that decedent was seventeen years of age and unmarried.

**Master and Servant—Employer Alone Liable Under Employers' Liability Act.**

11. Employers' Liability Act gives a cause of civil action for wrongful death of employee against employers alone, and does not include or authorize suit against a negligent employee.

## ON PETITION FOR REHEARING.

**Pleading—Complaint Construed Most Strongly in Favor of Plaintiff, Where Defendant Answers Over.**

12. Complaint will be construed most strongly in favor of plaintiff, where defendant answers over, so as to sustain good cause of action, though stated defectively.

**Appeal and Error—Objection of Failure to State Cause of Action may be First Raised on Appeal.**

13. Under Section 72, Or. L., objection that complaint fails to state cause of action may be raised for first time on appeal.

**Pleading—Failure of Mother to Allege Nonexistence of Widow or Children, in Action, Under Liability Act, for Death of Minor Son, Cured by Finding of No Marriage.**

14. In action, under Employers' Liability Act, by mother for death of seventeen year old son, failure to allege nonexistence of widow or children, preferred beneficiaries, under Section 6788, Or. L., *held* cured by finding that son was unmarried.

**Death—Finding Deceased Minor was Unmarried Sustained.**

15. In mother's action for son's wrongful death, under Employers' Liability Act, evidence that deceased was seventeen, lived with parents, attended school and worked during vacation, *held* to support findings that he was unmarried, especially since common-law marriages are unlawful, and, under Section 9720, Or. L., no boy under eighteen is capable of contracting marriage, nor entitled to license to so do, under Section 9732.

---

10. See 28 R. C. L. 772.
11. See 28 R. C. L. 737.
12. See 21 R. C. L. 466.
13. See 21 R. C. L. 519.
14. See 26 R. C. L. 1087; 21 R. C. L. 615.
15. See 18 R. C. L. 390, 408.

**Pleading—Pleadings Construed Liberally, Where Objection Purely Technical.**

16. In action, under Employers' Liability Act, by mother for death of minor son, complaint, objected to for failure to allege that there were no preferred beneficiaries, there being no contention that there were actually such beneficiaries, *held* purely technical and to require liberal construction, under Section 85, Or. L., especially in view of conciseness required of complaints, under Section 67, par. (2).

### ON OBJECTIONS TO COST BILL.

**Costs—Premium on Supersedeas Bond Allowable as Costs Under Statute.**

17. Premium on *supersedeas* bond is authorized to be allowed as costs, by Section 6438, subdivision 5, Or. L., up to 1 per cent per year on amount of bond.

**Costs—Half of Disbursements Incurred by Both Appellants is Maximum to be Allowed Prevailing Appellant.**

18. Where prevailing appellant filed no separate undertaking on appeal, and abstract and briefs covered case on behalf of both appellants, former is entitled as costs to not more than half of disbursements incurred.

---

See (1) 31 Cyc. 82. (2) 3 C. J. 786. (3) 31 Cyc. 766. (4) 17 C. J. 1308. (5) 31 Cyc. 79.

See (1) 38 Cyc. 415. (2) 1 C. J. 1062; 31 Cyc. 630. (3) 31 Cyc. 325. (4) 31 Cyc. 729. (5) 23 C. J. 54. (6) 3 C. J. 785. (7) 4 C. J. 876. (8) 31 Cyc. 769. (9) 38 Cyc. 1901. (10) 31 Cyc. 769. (11) 26 Cyc. 1544 (1926 Anno.).

From Multnomah: LOUIS P. HEWITT, Judge.

Department 2.

This is an appeal from a judgment in the sum of $6,500, together with costs and disbursements, obtained by Jessie M. Gray against Hammond Lumber Company, a corporation, and W. S. Lukins, its superintendent, on account of the death of Harold Gray, plaintiff's seventeen year old son, on July 13, 1923, while in the employ of defendant corporation. Defendants, appealing, assign error of the court in overruling their separate motions for an order to strike the amended complaint, in overruling their demurrers, and in entering judgment for plaintiff. Plaintiff,

---

16. See 21 R. C. L. 464.
18. See 7 R. C. L. 800.

appealing, invokes the provisions of Section 3–c, Article 7, of our Constitution, as amended in 1910, and, in her brief, asserts ''that the trial court erred in not applying the true rule of damages to the facts in the case.''                         MODIFIED.

For appellants there was a brief over the names of *Messrs. Goss & Murphy* and *Mr. Arthur K. McMahan,* with an oral argument by *Mr. Herbert S. Murphy.*

For respondent there was a brief over the name of *Messrs. Kaste & Rand,* with an oral argument by *Mr. John W. Kaste.*

BROWN, J.—Plaintiff, by her amended complaint, alleges, among other things, that the defendant Hammond Lumber Company is a corporation, and that defendant Lukins is its foreman and in charge of the work in which Harold Gray and the defendant corporation were engaged at the time of the accident; that on the day of the accident the corporation was operating a sawmill at Mill City, Linn County, Oregon, in the manufacture of lumber from saw logs supplied by the corporation from its logging camp in that county, and that Gray was employed by the corporation in that logging camp; that while thus employed he was under the immediate supervision, control, and direction of Lukins, as superintendent in charge of the work of the camp; that on the above-mentioned day, while the corporation was engaged in moving a donkey-engine up a steep mountainside by its own power, using for that purpose a wire rope or choker with which to anchor a block or pulley to a stump, and while Harold Gray was in the performance of his duties, through the negligence of the defendants herein the wire rope

broke, permitting the engine "to crash or fall or tumble down the slope or side of said mountain," crushing and killing Harold Gray.

Plaintiff alleged that at the time of the accident, the corporation, its foreman, and its employees, including Gray, were engaged in a hazardous occupation within the purview of the Workmen's Compensation Law of Oregon, to wit, Or. L., §§ 6605–6659, and that prior to that time the corporation had, by its affirmative action, rejected the provisions, protections and benefits of the act; further, that at the time of his death, Gray was seventeen years of age, in good health, and in the enjoyment of all his physical and mental faculties; that he was capable of, and was, earning $4.40 per day, and had an expectancy of fifty years.

Plaintiff demanded judgment in the sum of $40,000.

The defendants filed separate motions, each requesting an order of the court striking out the amended complaint for the reason that it contained two causes of action not pleaded separately.

Thereafter defendants filed separate demurrers upon the ground—

"That the plaintiff has no legal capacity to sue.

"That several causes of action have been improperly united.

"That the amended complaint does not state facts sufficient to constitute a cause of action against the defendant."

The motions were overruled, as were the demurrers.

Defendants, answering, denied that Gray was killed through the negligence of defendants, or either of them, and filed further and separate answers and defenses, in which, among other things, they averred that Gray was negligent in failing to occupy a safe

position while the donkey-engine and sled were being moved, and that the "accident and injuries to said Gray were wholly unavoidable, accidental and unforeseen, and could not have been prevented by the exercise of that degree of care required by law."

Plaintiff replied, and, on the trial of the case, was awarded a judgment against the defendants for the sum of $6,500, together with her costs and disbursements.

Defendants complain that the complaint alleges two causes of action not separately stated, and that several causes of action have been improperly united therein.

Plaintiff's complaint contains the usual and necessary allegations to bring the case within the embrace of the Employers' Liability Act (Or. L., §§ 6785–6791), and this action is maintained under the provisions thereof.

1. When statutes are enacted which undertake to declare rights and establish a standard of conduct for their protection, any acts or omissions in violation of such statute, which destroy the enjoyment of such rights, may be treated as legal wrongs or torts: 38 Cyc. 415.

According to the complaint, the defendant corporation, while acting through its superintendent, violated a statutory duty owing to its employee, Harold Gray. Under its averments, they are jointly charged with the omission of a duty to the boy, imposed by law. The theory of the plaintiff is that the Employers' Liability Law confers a right of action against the superintendent, as well as against the employer. If this were so, this action could rightfully have been maintained against either, or both, of the alleged joint tort-feasors, and the joinder of

the superintendent with the corporation in a single cause of action would have been proper: *Harvey* v. *Corbett,* 77 Or. 51, 61, 62 (150 Pac. 263); *Cauldwell* v. *Bingham & Shelley Co.,* 84 Or. 257 (155 Pac. 190, 163 Pac. 827); 38 Cyc. 490; 1 Kerr's Pleading and Practice in the Western States, 674; *Fallon* v. *United Railroads,* 28 Cal. App. 60 (151 Pac. 290); *Whalen* v. *Pennsylvania R. Co.,* 73 N. J. L. 192 (63 Atl. 993); 1 Kerr's Pleading and Practice in the Western States, 701, and authorities cited in notes.

2. The defendants' motions were properly overruled, for—

"The question of joinder of causes can only arise where two or more good causes of action are pleaded." 1 C. J. 1062.

The plaintiff avers one "good cause" of action. She does not attempt to assert a cause of action in a representative capacity. Further on in this opinion we shall refer to the complaint with reference to the action against the superintendent.

The complaint is also challenged on the ground that the plaintiff has no capacity to sue.

3. Under our Code, a demurrer for want of capacity to sue must be directed to some disability of plaintiff appearing upon the face of the complaint: Or. L., § 68; Pomeroy Code Remedies, § 208; Bliss Code Pleading, § 407; *Miller* v. *Luco,* 80 Cal. 257 (22 Pac. 195); *Swamp & Overflowed Land Dist. No. 110* v. *Feck,* 60 Cal. 405; *Campbell* v. *Campbell,* 121 Ind. 178 (23 N. E. 81).

The want of capacity to sue does not affirmatively appear in this complaint, and it is not enough that the complaint fails to aver facts showing capacity: 31 Cyc. 296, 297.

"So a demurrer on the ground that plaintiff has no legal capacity to sue cannot be sustained unless it affirmatively appears on the face of the complaint that he has not such capacity." 31 Cyc. 324, 325.

The demurrer likewise challenges the sufficiency of the complaint for the reason that it fails to state facts sufficient to constitute a cause of action.

The statute gives the right of action and provides the remedy, and this action can be maintained under that statute, subject to the conditions and limitations imposed thereby.

"And where the statute, in designating the beneficiaries, indicates a preference according to the degree of relationship to the deceased, the action must be brought by or in behalf of the beneficiaries in the order preferred, and where there exists a preferred beneficiary no other beneficiary not thus preferred is entitled to maintain the action." L. R. A. 1916E, 160.

And again:

"If the act gives a right of action first to a designated class of beneficiaries, and if there be none of that class then to another class, in an action on behalf of beneficiaries of the latter class the nonexistence of beneficiaries of the first class must be averred." Death by Wrongful Act, Tiffany (2 ed.), § 182.

4. In this court the defendants for the first time attack the complaint upon the specific ground that it fails to aver that the plaintiff is the particular survivor, to whom the right of action is given by Section 6788, Oregon Laws.

The objection that a complaint fails to state facts sufficient to constitute a cause of suit is never waived: *Duby et al.* v. *Hicks,* 105 Or. 27 (209 Pac. 156), and local citations there collected.

True, the complaint fails to negative the fact that the deceased seventeen year old boy left surviving him widow, children, or other lineal heirs. The action, as we have seen, was prosecuted by the mother in accordance with a right and remedy provided by statute. She alleged that her son was seventeen years old at the time of the accident, and, upon proof of this allegation, the court drew the inference, and found as a fact, that the lad was unmarried.

5, 6. Reasonable inferences drawn from affirmative facts proved are evidence, and not presumptions built upon other presumptions: *Hardwick* v. *Wabash R. Co.*, 181 Mo. App. 156 (168 S. W. 328).

The defendants filed a general demurrer to the sufficiency of the complaint, but failed to suggest, by argument or otherwise, their contention that the mother is not shown by that pleading to be the proper party plaintiff. Therefore, from the doctrine heretofore announced by this court, the case on appeal is to be determined upon the sufficiency of the complaint after verdict: *Minter* v. *Minter,* 80 Or. 369 (157 Pac. 157); *Bottig* v. *Polsky,* 101 Or. 530 (201 Pac. 188).

The case of *Texas & P. Ry. Co.* v. *Lacey,* 185 Fed. 225, as amended by Act No. 71 of 1884, 107 C. C. A. 331, is much in point. The Civil Code of Louisiana, Art. 2315, authorizes an action, for wrongful acts causing death and confers the right of action on the "minor children or widow of the deceased, or either of them, and, in default of these, in favor of the surviving father and mother, or either of them." The father instituted an action, and averred that the son, when killed, was only eighteen years old, but failed to allege that he was unmarried, or, that he left surviving him minor children, a minor child, or widow. Neither was there any evidence adduced upon that

question. The case was submitted to the jury on the issues made by a general denial of plaintiff's petition, together with the defense of contributory negligence. It was contended on appeal that the pleadings failed to show that the plaintiff had any right of action under the statute referred to. The court said:

"If the decedent had been married or had left surviving him a minor child, the fact could have been made to appear at any time from the filing of the answer to the motion for a new trial. The point, if it occurred to counsel—and it probably did not—was held in ambush till the case reached this court, when it came out in the open. * * But it is urged, also, that there was no proof that decedent was unmarried. From what we have already said, we might conclude that the conditions of the pleading did not call on the plaintiff for such proof. The petition averred, and the proof showed, that the decedent was only eighteen years old. It is a matter of common knowledge that men do not often marry in this country before reaching eighteen years of age. It would seem reasonable to indulge the presumption, till the contrary was proved, that a lad of eighteen years was unmarried. Boys do not begin life married, and it is a rule that, where the existence at one time of a certain condition or state of things of a continuing nature is shown, the general presumption arises that such condition or state continues till the contrary is shown by either circumstantial or direct evidence. It would be presumed that a boy continued unmarried until eighteen years of age. This view has prevailed against a defendant in a criminal case."

The court then cites, and quotes from, *Gaunt* v. *State*, 50 N. J. L. 490, 491 (14 Atl. 600).

Another valuable case supporting the sufficiency of the pleading is *McIntosh* v. *Missouri Pacific Ry. Co.*,

103 Mo. 131, 133 (15 S. W. 80).   See, also, 10 R. C. L. 884; 22 Am. & Eng. Ency. of Law (2 ed.), 1285; 22 C. J. 88.

7. The trial court's finding that Harold Gray was of a given age and unmarried at the time of his death has the force of a verdict. Findings made by a court upon the facts in an action tried before it without the intervention of a jury are deemed a verdict: Or. L., § 159.

8. The rule in this state is that, while a verdict will not supply the omission to state some facts essential to the cause of action, it will cure all formal defects in a pleading and establish every reasonable inference that can be drawn from the facts stated. See the many local decisions cited in *Duby et al. v. Hicks, supra.*

The doctrine of intendment, as here discussed, "results from the just view that a party should not be permitted to lie by and take his chances for a verdict, and then if it is rendered against him, raise some technical objection, remediable or amendable if made at a proper stage of the proceedings." 22 Ency. Plead. & Prac., pp. 949, 950.

9, 10. Verdicts should have a reasonable intendment and a reasonable construction, and should be construed and applied in the light of all the proceedings: 22 Ency. Plead. & Prac., pp. 954–957.

In the instant case, the pleading is susceptible of the construction which will support it. Therefore, every fair and reasonable intendment must be indulged to that end: 6 Ency. Plead. & Prac., p. 389.

"Even on demurrer, pleadings are to be liberally construed. The complaint on demurrer must be deemed to allege that which can be implied from the allegations therein by a reasonable and fair intendment." 4 Ency. Plead. & Prac., p. 755.

The complaint in the cause at issue avers that Harold Gray, the injured boy, was of the age of seventeen years. That the youth was unmarried is only a reasonable and fair inference to be drawn from that allegation and the evidence in support thereof.

11. Does the Employers' Liability Law (Or. L., §§ 6785–6791) give a cause of civil action against employers alone as its name indicates, or does it also include within its embrace a civil action against the employee?

Our decisions may not be in exact accord upon this subject. For an elaborate discussion of the title and history of the act, see *Turnidge* v. *Thompson,* 89 Or. 637, 652 (175 Pac. 281), *Camenzind* v. *Freeland Furniture Co.,* 89 Or. 158, 170 (174 Pac. 139), and *Saylor* v. *Enterprise Electric Co.,* 106 Or. 421 (212 Pac. 477), and the authorities therein cited.

We have seen that the cause of action against the employee Lukins is based upon a statutory enactment. That the statute denounces as a crime certain acts of commission and omission is clear from the language of the act. But we are treating of civil actions within the embrace of the statute.

In all those cases in which a statute gives a cause of action and designates the person or persons who may sue or be sued, such person or persons alone may maintain an action thereunder or may properly be made defendants, as the case may be: *Romero* v. *Atchison T. & S. F. R. Co.,* 11 N. M. 679 (72 Pac. 37).

In *Lawton* v. *Morgan, Fliedner & Boyce,* 66 Or. 292, 297, 300 (131 Pac. 314, 134 Pac. 1037), this court, in discussing the provisions of the Employers' Liability Law, said, through Mr. Justice MOORE:

"It is evident that an employer, whether owner, contractor, or subcontractor, who is engaged in the construction of a building is the *only party defendant* in an action to recover damages for a personal injury suffered by an employee while engaged in the same branch of the service. This determination is obvious from the language of Section 5 of the act, to wit: 'In all actions brought to recover from an employer for injuries suffered by an employee,' etc."

The court there held, also, that the act created a several, and not a joint, liability resulting from an injury to an employee.

On petition for rehearing, the court, speaking through Mr. Chief Justice McBRIDE, said:

"The act is substantially quoted in the original opinion, and these excerpts indicate its intention was to create a liability as between employer and employee."

In the case of *Tamm* v. *Sauset,* 67 Or. 292, 297 (135 Pac. 868, L. R. A. 1917D, 988), Mr. Justice McNARY, speaking for this court, said:

"The evident intent of the statute was to hold responsible, for personal injuries to an employee, only that member of the class enumerated who was engaged in the undertaking or enterprise embraced in the statute whereby the injury occurred. To conceive otherwise would be going wide of the rule established by this court in the case of *Lawton* v. *Morgan, Fliedner & Boyce,* 66 Or. 292 (131 Pac. 314, 134 Pac. 1037)."

In *Hoag* v. *Washington-Oregon Corporation,* 75 Or. 588, 594, 596, 602 (144 Pac. 574, 147 Pac. 756), this court, speaking through Mr. Justice EAKIN, said:

"Section 2 of the act provides that the manager, superintendent, foreman, etc., in charge or control of

the work shall be held to be the agent of the employer, and the act does not create a liability upon the superintendent or manager. This is decided in *Lawton v. Morgan, Fliedner & Boyce,* 66 Or. 292 (131 Pac. 314, 134 Pac. 1037). * *

"The statute provides that an employer having charge (having charge of) any work involving risk or danger to employees shall use every precaution practicable for the safety of life and limb, and the manager and superintendent in charge or control of the work shall be held to be the agent of the employer. That is a brief statement of the liability, leaving out all verbiage not applicable to this case."

The case was reversed on account of the failure of the court properly to instruct the jury. On rehearing the pronouncement of the law in the original opinion was not recalled or set aside. The case was modified and affirmed, and judgment entered under the provisions of Section 3–c, Article 7, Oregon Constitution. The pleadings stated a common-law liability. In the majority opinion on rehearing, Mr. Justice McBRIDE, in speaking for the court, wrote:

"The case presented by the pleadings involved a double aspect charging matters upon which a recovery might have been had either at common law or under the Employers' Liability Act, and the defendant, without demurring, moving to make more definite and certain, or to elect, promptly answered, denying all allegations of negligence and pleading assumption of risk and contributory negligence."

In *Malloy v. Marshall-Wells Hardware Co.,* 90 Or. 303, 317, 350 (173 Pac. 267, 175 Pac. 659, 176 Pac. 589), Camp, the superintendent, was joined with the corporation as party defendant in an action for damages. In that case this court, speaking through Mr. Justice McCAMANT, after citing *Lawton v. Morgan,*

*Fliedner & Boyce, supra,* and *Tamm* v. *Sauset, supra,* said, in reference to the persons named in the act as liable:

"We think the defendant Camp is not one of the persons so named, and that he cannot be held liable under this statute."

The case was reversed, and, on rehearing, was reversed as to the employee and affirmed as to the employer. The opinion on rehearing, by Mr. Justice HARRIS, in which all members of the court concurred in so far as it related to the liability of a superintendent under the provisions of the Employers' Liability Law, holds that the act extends its criminal liability, but that it neither enlarges nor lessens the civil liability of the superintendent. Among other things, the Justice wrote:

"The verdict and judgment were against Camp, the superintendent, as well as against the Marshall-Wells Hardware Company, the employer. Camp admitted that he was a superintendent, and moreover there was ample evidence from which the jury could find that Camp had charge of all the work done in the barn; that he caused the hatch to be enlarged and the block and tackle to be installed. * * The plaintiff contends that since Camp was the superintendent in charge of the work at the barn, the Employers' Liability Act applies to Camp with the same force and to the same extent as it does to the Marshall-Wells Hardware Company. * *

"It is manifest * * that the excerpt quoted from Section 3 neither enlarges nor lessens 'the civil liability of such persons,' but this language is evidently inserted in the section merely for the purpose of removing even the possibility of claiming that punishment by fine or imprisonment shall relieve the person fined or imprisoned from liability for damages. The

language quoted from Section 3 simply leaves the subject of civil liability at large; and, moreover, the words, 'as the case may be,' are themselves significant when considered in connection with the different classes of persons named in the action.

"A careful examination of the Employers' Liability Act, together with its title, makes it obvious that the act does not completely embrace an action for damages against a foreman or superintendent like Camp; and consequently it becomes necessary to reverse the judgment as against Camp."

This doctrine was referred to with approval in *Saylor* v. *Enterprise Electric Co., supra.*

We have carefully read the cases of *Harvey* v. *Corbett, supra,* and *Cauldwell* v. *Bingham & Shelley Co., supra,* and we have again read, and re-read, the statute. From the consideration of the statute and all of the cases noted, we are impelled to follow the latest expression of the court, as announced in *Malloy* v. *Marshall-Wells Hardware Co., supra,* an opinion that sets forth the unanimous holding of this court. Of course we do not decide that a superintendent employee cannot be held liable in an action for damages, but we do hold that he is not liable in a civil action prosecuted under the provisions of the Employers' Liability Law with its limitation of defenses.

We have considered all questions presented by the record. This case should be affirmed as against the Hammond Lumber Company and reversed as to the employee, Lükins. It is so ordered.     MODIFIED.

McBRIDE, C. J., and BEAN and COSHOW, JJ., concur.

Rehearing denied February 24, 1925.

ON PETITION FOR REHEARING.

(233 Pac. 561.)

For the petition, *Messrs. Goss & Murphy* and *Mr. Arthur K. McMahan.*

*Contra, Messrs. Kaste & Rand.*

BROWN, J.—This action is maintained under the provisions of the Employers' Liability Law (Or. L., §§ 6785–6791). Plaintiff herein was the mother of Harold Gray, a boy seventeen years of age, who, on the second day after entering the employment of the defendant Hammond Lumber Company, was killed while engaged in the course of his employment at a logging camp operated by that company. The plaintiff prosecuted the action against the Hammond Lumber Company, a corporation, and W. S. Lukins, its foreman. The defendant corporation filed a general demurrer to the complaint, which was overruled. Thereupon, it filed an answer to the merits. Plaintiff replied, and on trial secured a judgment against both defendants. Upon appeal, the case was reversed as to Lukins and affirmed as against the corporation (opinion filed January 20, 1925).

The defendant Hammond Lumber Company has filed a petition for rehearing, on the ground that this court erred in holding to be sufficient plaintiff's pleading, which failed to aver directly the nonexistence of certain preferred beneficiaries, and which left these essential facts to be inferred from the alleged youthfulness of the deceased. This specific objection is made in this court for the first time.

12, 13. It is a well-established rule of law in this jurisdiction that, upon the defendant's answering over, the complaint is to be construed most strongly in favor of the plaintiff, and will be sustained if it states a good cause of action, although the cause of action be stated defectively: *Hughes* v. *McCullough,* 39 Or. 372, 375 (65 Pac. 85); *Dippold* v. *Cathlamet Timber Co.,* 98 Or. 183 (193 Pac. 909), and local citations. The objection that the complaint fails to state a cause of action may be taken in this court for the first time. This proposition is sustained by the Code and many local citations under Section 72 thereof.

The amended complaint in the instant case avers:

"That at the time of his death, decedent was seventeen years of age."

14. From the evidence adduced at the trial to the court without a jury, the court found that the boy was unmarried. In effect this finding has the force of a verdict by jury.

Section 6788 of the Employers' Liability Law reads:

"If there shall be any loss of life by reason of the neglects or failures or violations of the provisions of this act by * * any person liable under the provisions of this act, the widow of the person so killed, his lineal heirs or adopted children, or the husband, mother, or father, as the case may be, shall have a right of action. * * "

In our former opinion, we quoted with approval the following from Tiffany, Death by Wrongful Act (2 ed.), § 182:

"If the act gives a right of action, first to a designated class of beneficiaries, and, if there be none of that class then to another class, in an action on behalf of beneficiaries of the latter class, the nonexist-

ence of beneficiaries of the first class must be averred.''

That is a fair statement of the law as we then understood and now understand it.

The complaint does not directly negative that Harold Gray left surviving him a widow, lineal heirs, or adopted children. However, after verdict, this pleading must be held to allege all the facts that can be implied by a fair and reasonable intendment from the facts expressly[3] stated: Pomeroy's Code Remedies (4 ed.), p. 592.

"Contrary to the common-law rule, every reasonable intendment and presumption is to be made in favor of the pleading." Pomeroy's Code Remedies (4 ed.), § 441.

And facts necessarily implied need not be alleged: Wills, Gould on Pleadings, p. 196.

In cases of this character, the Employers' Liability Act confers the right of action and provides the remedy, and such an action can only be maintained subject to the limitations and conditions therein prescribed. The right of a mother to sue for the wrongful death of her son must rest upon the fact that he was unmarried, and childless, at the time of his death. In our former opinion we held that after verdict a mother's pleading is susceptible of every fair and reasonable intendment in support thereof, and that, under the laws of this state, the inference that a boy of the age of seventeen years is unmarried and childless is reasonable.

The petitioner invokes in its behalf a number of cases from Missouri, which we will review. However, it should be borne in mind that in the state of Missouri common-law marriages are lawful: *Dyer* v. *Brannock,* 66 Mo. 391, 418 (27 Am. Rep. 359); *State*

v. *Cooper,* 103 Mo. 266 (15 S. W. 327); *Adair* v. *Mette,* 156 Mo. 496 (57 S. W. 551); *State* v. *Hansbrough,* 181 Mo. 348 (80 S. W. 900).

15. In the State of Oregon common-law marriages violate the policy of the state and are unlawful: *Huard* v. *McTeigh, ante, p.* 279 (232 Pac. 658), decided January 27, 1925. Again: No boy under the age of eighteen years is capable of contracting marriage in this state: Or. L., § 9720.

"Such license (marriage) shall not issue without the written consent of the parent and guardian, if there be any, if the female be within the age of eighteen years, or the male within the age of twenty-one years, nor in any case unless the parties are each of an age capable of contracting marriage." Or. L., § 9732.

The case of *Czezewzka* v. *Benton-Bellefontaine Ry. Co.,* 121 Mo. 201, 212 (25 S. W. 911), was a suit for damages on account of the death of the infant child of plaintiff. The infant was but two years of age. On appeal it was contended that the petition failed to state facts constituting a cause of action because it failed to allege that the two year old child was unmarried. The court held that under the existing statute it was its duty "to distinguish between form and substance," and "to construe the allegations of a pleading liberally." The court overruled defendant's contention, and decided that "it must be held that it was sufficiently alleged that the deceased was unmarried: *McIntosh* v. *Railroad,* 103 Mo. 131."

In the case of *Baird* v. *Citizens' Ry. Co.,* 146 Mo. 265 (48 S. W. 78), the plaintiff filed her petition alleging the negligent killing of her minor son of the age of six years. On appeal to the Supreme Court, the defendant contended that, in order for the petition to state a cause of action, it must allege that the

minor "died unmarried," and that, because it failed so to state, it alleged no cause of action. The court held that a six year old child was incapable of entering into contract of marriage; that, in view of the Code rules requiring a liberal construction of pleadings, the petition was sufficient, and "it must be held to have been sufficiently alleged that the deceased was unmarried."

The case of *Bellamy* v. *Whitsell,* 123 Mo. App. 610, 616 (100 S. W. 514), was an action for damages for the death of plaintiffs' infant son, age thirteen years. On appeal it was urged that the petition was fatally defective, in that it did not aver that the son was unmarried and left no child or children. Among other things, the court said:

"At common law, * * the age of consent in males was fixed at fourteen, in females at twelve years. These were the respective ages at which infants were presumed in law to reach the state of puberty, and when they entered that state they were deemed to be qualified to consent to marriage."

The opinion then states, in reference to the provisions of "Section 4311" of the laws of Missouri:

"It (Section 4311) declared, in effect, that no contract of marriage should be valid unless it be supported by the consent of parties capable in law of making it, that is, by a male over the age of fourteen and a female over the age of twelve years."

The court further held that, because it appeared from the averments of the petition that the boy was under marriageable age as provided by the laws of the State of Missouri, "the presumption will be entertained that the boy was unmarried and it follows that the cause of action should be held to be properly pleaded."

The case of *Marshall* v. *Consolidated Jack Mines Co.*, 129 Mo. App. 949 (108 S. W. 573), reads (syl.):

"In actions by surviving parents for the death of a minor son, it must be alleged and proved that deceased was unmarried at the time of his death, unless the allegations and proof raise the presumption that such was the fact. * * "

The court there held that—

"No such presumption can be indulged in this case, as the evidence shows that the deceased minor was of the age of consent."

See, also, *Dulaney* v. *Missouri Pac. Ry. Co.*, 21 Mo. App. 597.

Further review of the Missouri cases is unnecessary, for the reason, as that court points out, that the age of consent of boys in that state is fourteen years, while in Oregon the age is eighteen years.

The facts in the case at bar tend to corroborate the trial court's inference that Harold Gray was unmarried. The testimony shows that he was a schoolboy, seventeen years old, and dwelt with his parents a few miles from Lebanon in Linn County. The testimony of his teacher relates to his regular attendance at school. It is further shown that he was small for his years, but that when vacation time arrived he sought employment in the logging camp of defendant company, to earn money for the purpose of continuing his education.

16. Every valid judgment is the sequence of a proper pleading. However, neither the defendant corporation nor any other person contends or pretends that the lad Harold Gray left a widow or child. The only matter presented to the court involves a technical question as to plaintiff's pleading. The

burden was cast upon the plaintiff to make in her pleading a concise statement of the facts constituting her cause of action against the defendant: Or. L., § 67, par. (2). But, to the end that justice may be established, and not perverted, our Code commands:

"In the construction of a pleading for the purpose of determining its effect, its allegations shall be liberally construed, with a view of substantial justice between the parties." Or. L., § 85, and local authorities there cited."

The petition for rehearing is denied.

REHEARING DENIED.

McBRIDE, C. J., and BEAN and COSHOW, JJ., concur.

---

Objections to cost bill sustained in part March 3, 1925.

ON OBJECTIONS TO COST BILL.

(234 Pac. 261.)

*Messrs. Kaste & Rand,* for the objections.

*Messrs. Goss & Murphy* and *Mr. Arthur K. Mc-Mahan, contra.*

PER CURIAM.—Respondent files objections to the cost bill of appellant W. S. Lukins, as follows:

"First: There is no authority in law for the charge filed for the undertaking, and,

"Second: None of said items of costs or expenses were incurred by defendant Lukins and neither has he obligated himself to pay any part thereof, but on the contrary all of said items of expenditure and costs, and each and every one of them, were paid by the Hammond Lumber Company or else by the Casu-

alty Insurance Company, under which it was operating.''

Section 6438, subd. 5, Oregon Laws, reads:

''In all actions and proceedings a party entitled to recover disbursements therein shall be allowed and may tax and recover such sum.paid a person or company for executing any bond, recognizance, undertaking, stipulation, or other obligation therein, not exceeding, however, one per cent on the amount of such bond, recognizance, undertaking, stipulation, or other obligation during each year the same has been in force.''

17, 18. This statute authorizes the recovery, as a disbursement, of the premium paid on an appeal bond, limited to 1 per cent on the amount of such bond during each year in force: *Fischer* v. *Bayer et al.*, 108 Or. 319 (211 Pac. 162).

A *supersedeas* bond having been filed covering the amount of the judgment rendered against the appellants jointly, and for costs on appeal, the liability would necessarily be placed at approximately $7,000; and not more than one year having elapsed, the total amount of premium should not exceed $70.

In the case of *Fischer* v. *Bayer et al., supra,* it was stated, at page 321:

''The rule is that, where there are several appellants, some of whom are successful, they are entitled to a full bill of costs, less such charges as relate exclusively to appellants who have failed: 15 C. J. 91, 92.''

The appellant Lukins filed no separate undertaking, and the abstract and briefs cover the case on behalf of both appellants, so that Lukins is entitled to recover not more than one-half of the disbursements incurred. The costs and disbursements claimed by Lukins should be allowed in part, as follows:

Undertaking on appeal..............$35.00
Filing fee (½).....................  5.00
Costs—prevailing party fee..........  15.00
Printing abstract (½)...............  15.62
Printing brief (½)..................  18.13
Printing reply brief (½)............  5.00

Total ......................$93.75

OBJECTIONS SUSTAINED IN PART.