Argued February 19; reargued March 20; affirmed April 1, 1947

# GIBSON *v.* GIBSON
### (178 P. (2d) 702)

*Paul R. Hendricks,* of Salem, for appellant.

*John A. Heltzel,* of Salem, for respondent.

Before ROSSMAN, Chief Justice, and LUSK, BELT, BAILEY, HAY and WINSLOW, Justices.

WINSLOW, J. (Pro tempore)

Dudley Gibson died intestate on August 22, 1943. Respondent, as his widow, was appointed administratrix of his estate by the county court of Polk County, Oregon. The estate consisted of a small tract of suburban land containing nine acres in Polk County near Salem. The property constituted a long strip of land having a frontage on the Wallace Road of 2.56 chains and a depth of approximately 40 chains. The front part of the tract is upland. The back part is low or river bottom land. The buildings are located close to the road and consist of a six-room house with full basement with cement floor and tile walls, on which $1500 worth of fire insurance was carried; and a barn and garage upon which $600 worth of fire insurance was carried. In addition to the real property, there was some cash, furniture, a small amount of farm machinery and a peach crop partly harvested.

During the administration of the estate, respondent, as administratrix, by ex parte orders, had set off to herself the front four acres of the real property as a homestead, the furniture and most of the farm machinery as exempt property, and a widow's allowance of $1200. She likewise mortgaged the remainder of the land for $1000 to secure money to pay her allowance, other bills and cost of administration. There was some $7000 in the bank which she claimed was a joint deposit which became hers as the survivor. The record fails to disclose the exact nature of these deposits.

Appellant is the daughter of decedent by a former marriage. She admits she knew about the administration of the estate generally, but there is no evidence to show that she had actual knowledge of the orders referred to above or of the filing of the final account. She received a copy of this account through the mail on June 21, 1944.

On June 28th she filed what she termed "motions" and which might be considered objections to the final account. In this proceeding, which was supported by her affidavit, appellant challenged the correctness of the former proceeding in substantially the same particulars as she does now by this suit. The matter was certified to the circuit court for hearing, and, on January 25, 1945, Judge Walker denied the "motions" on the ground that the orders attacked were not void, and that "said 'motions' were not filed within the time allowed by law."

Appellant thereafter commenced this suit attacking the probate proceedings on the ground of fraud. The complaint, omitting the title and verification thereof, is as follows:

"Plaintiff alleges:

"I. That on or about the 22d day of August,

1943, Dudley Gibson, father of plaintiff, Blanche Gibson, died intestate in Polk County, Oregon, leaving an estate of both real and personal property in Polk County and Marion County, in the State of Oregon.

"II. That said Dudley Gibson left surviving as his sole heirs at law: Blanche Gibson, plaintiff herein, and defendant Jennie Gibson, his widow by a second marriage; and that said Jennie Gibson, by petition filed in the County Court of Polk County, Oregon, on the 26th day of August, 1943, applied for appointment as, and was appointed, administratrix of said estate.

"III. That for many years prior to the death of said Dudley Gibson, plaintiff either lived at her father's home or visited him and defendant Jennie Gibson often, and that even after his death plaintiff visited at her old home with said defendant regularly every Sunday, and very often at other times; that defendant Jennie Gibson agreed and assured plaintiff that if said defendant could have the full use of said home and premises during the lifetime of defendant, after defendant's death plaintiff was to be the sole owner of any and all properties of Dudley Gibson, and particularly said entire home place; that plaintiff relied upon said agreement and assurance at all times.

"IV. That Dudley Gibson, the defendant and the plaintiff were all together in agreement and had an understanding that plaintiff was to receive the home place upon the death of Dudley Gibson, as her inheritance from her parents, subject to the life estate of defendant; and for that reason plaintiff made no claim to the several large sums of money owned in part or entirely by Dudley Gibson at his death, and which sums of money were kept both in the Salem banks and at said family home; that said bank accounts were never mentioned or accounted for to plaintiff during the time of probate herein or in the alleged copy of defendant's final account; that much of the cash on hand at the

time of the death of Dudley Gibson, as well as the cash receipts for crops during the time of probate were not accounted for in said alleged copy of final account, or otherwise.

"V. That at all times since the death of Dudley Gibson the buildings and the one acre or less that they occupied of said home place could have been sold for cash for a much greater sum than the $3,000 homestead exemption, which, according to the final account, includes all of said buildings and much of the orchard and cultivated part of said home place; that plaintiff would have, at all times since her father's death, and will now, pay the Dudley Gibson estate $3,000 cash for said one acre and buildings.

"VI. That plaintiff is informed and believes, and upon such information and belief, alleges the truth to be that defendant Jennie Gibson fraudulently and secretly withheld all information regarding the probate of the Dudley Gibson estate from plaintiff, by various methods, manners and manipulations, solely within the knowledge of defendant, and that the delay of some 25 days after final hearing in sending plaintiff a notice and final account has denied plaintiff any legal opportunity to study or object to said final account; that such technically legal step was intended and studied by plaintiff, and was grossly fraudulent; that upon plaintiff's request to be heard as an objector to said final account, said defendant Jennie Gibson immediately pleaded in the County and Circuit Courts of Polk County, Oregon, that such sixty-day period of delay denied to plaintiff any right to object.

"VII. Defendant [plaintiff] alleges:

"(a) That a few acres of the rear of said home place were mortgaged by defendant to the Heltzel estate for $1,000;

"(b) That the advertisement of the time for hearing objections to final account was placed in the Independence newspaper;

"(c) That defendant Jennie Gibson knew that for over thirty years immediately prior thereto the only newspaper from Polk County delivered to the Dudley Gibson home or to the home of Blanche Gibson was the Polk County Itemizer-Observer of Dallas;

"(d) That the alleged final account herein is illegal and incorrect and deprives plaintiff of her legal and just share of said Dudley Gibson estate;

"(e) That plaintiff has never had her day in court to object to said alleged final account, although the only heirs to said estate are plaintiff and defendant;

"(f) That immediately upon being advised that said alleged final account would leave plaintiff only $73.77 and 5½ acres of bare land, without building site or right-of-way, encumbered by a $1,000 mortgage and the life estate of defendant, plaintiff objected to defendant, defendant's attorney and this Court.

"WHEREFORE, plaintiff prays:

"1. For an accounting and discovery of all the assets of the Dudley Gibson estate;

"2. For the vacation of the order or decree setting aside as a homestead to Jennie Gibson any part of said home place;

"3. For the costs and disbursements of plaintiff herein; and

"4. For such other and further relief in the premises as is just and equitable."

To this complaint, respondent filed a demurrer. The court overruled the demurrer. Respondent answered. Appellant replied to this answer, and the case came on for trial before the court upon the merits. A decree was entered by the court dismissing the proceeding from which decree this appeal has been taken.

■ We shall first give attention to appellant's complaint. In view of the fact that respondent's demurrer was overruled and that thereafter she answered over and the case was tried upon the merits, all intendments must be indulged in favor of the sufficiency of the complaint. *Thompson Optical Institute v. Thompson,* 119 Or. 252, 262, 237 P. 965; *Gray v. Hammond Lumber Co.,* 113 Or. 570, 581, 232 P. 637, 233 P. 561, 234 P. 261; *Oregon & Cal. R. R. Co. v. Jackson County,* 38 Or. 589, 64 P. 307, 65 P. 369.

■ This court has held in *Weinke et al. v. Majeske et al.,* 163 Or. 483, 97 P. (2d) 179; *Fitchard v. Hirschberg's Estate,* 128 Or. 317, 326, 272 P. 906, 274 P. 505; and *Froebrich v. Lane,* 45 Or. 13, 21, 22, 23, 24, 76 P. 351, 106 Am. St. Rep. 634; that a court of equity will on a proper showing of fraud inquire into the regularity of a probate proceeding even after the final account has been allowed and after term time.

We are here concerned with the question of whether or not the complaint is sufficient to invoke the aid of equity. Even giving the complaint the most liberal construction possible, giving it the benefit of all intendments, still we find ourselves compelled to hold that the complaint is insufficient and that, however meritorious may be the contentions of appellant, it is impossible for any court to give her the relief she seeks unless she comes into court with a complaint which adequately presents appropriate issues.

This complaint attempts to challenge the probate proceedings in three particulars:

■ By paragraph III there is an attempt to assert an agreement between appellant and respondent by the terms of which it is asserted that respondent was to have the real property involved for life and appellant

was to have the remainder. It is asserted that appellant relied upon this agreement. Even if we assume that the complaint later on impliedly states respondent failed to live up to this agreement and if we assume this deception constitutes fraud, still there is no allegation that this deception prevented appellant from filing timely objections to the final account. While we are not attempting in any way to pass upon the merits of this case, it might be well to add, however, that the record shows that there was absolutely no evidence of the agreement to which we have just referred.

■ Again, the complaint attempts by paragraph V to charge that respondent took a homestead worth more than $3000. The complaint does not say that. It simply says that one acre or less occupied as the home place could have been sold for cash for a greater sum than $3000. The complaint then alleges that appellant is willing to pay respondent $3000 for one acre and the buildings. This is not an allegation of fraud.

■ Then again there is an attempt to say respondent has not accounted for all the monies which came into her hands as administratrix. The most that can be said for the complaint is that it does allege "that much of the cash on hand at the time of the death of Dudley Gibson, as well as the cash receipts for crops during the time of probate were not accounted for in said alleged copy of final account, or otherwise." There is no allegation that there was anything fraudulent about this. There is no allegation that the administratrix had converted any of the monies of the estate to her own use or that she had made a profit out of the estate.

■ There is in addition to the foregoing an attempt

to say that the publication of the notice to creditors in the Independence newspaper rather than in the Dallas newspaper was fraudulent upon the part of the administratrix. The law does not declare any newspaper the official newspaper for the publication of legal notices. The law simply defines the qualifications of newspapers for publishing legal notices. § 1-610, O. C. L. A., as amended by Ore. Laws 1943, c. 322. There is no allegation made that the Independence newspaper did not possess those qualifications.

We hold that the complaint is insufficient to present the issues which appellant has attempted to present to the court and that, therefore, the decree of the lower court dismissing the proceedings is hereby affirmed, solely on the ground of the insufficiency of the complaint, without costs to either party.