On appellants' petition for costs and disbursements filed April 4, and respondent's objection to cost bill filed April 4; objections to cost bill allowed, appellants' costs on appeal allowed July 3, 1985

STATE ex rel ROBERTS,
*Respondent,*

*v.*

DUCO-LAM, INC.,
*Appellant.*

(16-82-00636; CA A31489 (Control))

STATE ex rel ROBERTS,
*Respondent,*

*v.*

AMERICAN LAMINATORS, INC.,
*Appellant.*

(16-82-00685; CA A31490)

STATE ex rel ROBERTS,
*Respondent,*

*v.*

ELK RIVER ENTERPRISES,
*Appellant.*

(16-82-00686; CA A31491)
(Cases Consolidated)

702 P2d 78

Donald A. Gallagher, Jr., Eugene, for petition.

Robert M. Atkinson, Assistant Attorney General, Dave Frohnmayer, Attorney General, and James E. Mountain, Jr., Solicitor General, Salem, contra.

Before Warden, Presiding Judge, and Van Hoomissen and Young, Judges.

YOUNG, J.

## YOUNG, J.

Appellants prevailed on appeal, 72 Or App 473, 696 P2d 561 (1985), and pursuant to ORS 20.320 timely filed a statement of costs and disbursements that includes a claim for premiums for a "Bond on Appeal" in the amount of $90 and for a "Supersedeas Bond on Appeal" in the amount of $636. Respondent filed objections and claimed that ORS 20.310 does not authorize recovery of the costs of an appeal bond. We allow the objections.

The costs and disbursements recoverable by a party prevailing on appeal are governed by ORS 20.310:

> "When costs are allowed to the prevailing party on appeal to the Supreme Court or Court of Appeals the appearance fees, attorney fees, as provided by law; the necessary expenses of transcript or abstract, as the law or rules require; the printing required by rule of the court, and the transcript of testimony or other proceedings, when necessarily forming part of the record on appeal, shall be taxed in the Supreme Court or Court of Appeals as costs of the appeal."

*Former* ORS 20.055 (*repealed by* Or Laws 1981, ch 898, § 53) provided:

> "In all actions and proceedings a party entitled to recover disbursements therein shall be allowed and may tax and recover a sum paid a person for executing any bond, recognizance, undertaking, stipulation or other obligation therein. Such sum shall not exceed one percent per annum of the amount of the bond or other obligation."

The Supreme Court has interpreted the predecessors of ORS 20.055 as authorizing, as an item of disbursements on appeal, the premiums on an appeal bond within the limits set forth in the statute, *see, e.g., Menefee v. Blitz,* 181 Or 100, 143, 179 P2d 550 (1947); *Fischer v. Bayer et al,* 108 Or 311, 320, 210 P 452, 211 P 162, 216 P 1028 (1923); *Bell v. Hanover Fire Ins. Co.,* 107 Or 513, 524, 214 P 340, 215 P 171 (1923), including the premium on a supersedeas bond. *Gray v. Hammond Lumber Co. et al,* 113 Or 570, 593, 232 P 637, 233 P 561, 234 P 261 (1925).

The premium for an appeal bond as an allowable cost on appeal was first authorized by General Laws of Oregon 1917, ch 207, § 25a(5). After the 1917 enactment, the statute continued essentially unchanged to and including the final

version, which was codified as *former* ORS 20.055. After reviewing the relevant statutory history, we are persuaded that the 1981 repeal of ORS 20.055 eliminated the statutory basis for recovery of the cost of bond premiums.

■ Oregon Laws 1981, chapter 898, deals with rules of civil procedure promulgated by the Council on Court Procedures and submitted to the 1981 Legislature. Or Laws 1981, ch 898, § 1. The act, in addition to repealing ORS 20.055, also repealed other statutes in ORS chapter 20 that governed costs and disbursements and then enacted, *inter alia,* ORCP 68 relating to the allowance and taxation of attorney fees and costs and disbursements. An abbreviated form of *former* ORS 20.055 was included in ORCP 68A(2), which provides, in part:

> " 'Costs and disbursements' are reasonable and necessary expenses incurred in the prosecution or defense of an action other than for legal services, and include * * * a reasonable sum paid a person for executing any bond, recognizance, undertaking, stipulation, or other obligation therein * * *."

It appears that the council and the legislature were unaware that *former* ORS 20.055 was the historical statutory predicate for taxing, as a cost on appeal, the premium on an appeal bond. Because the rulemaking power of the Council on Court Procedures does not extend to appellate procedure, ORS 1.735, we cannot construe ORCP 68A(2) to allow a prevailing party on appeal to recover as part of the costs and disbursements a reasonable sum for an appeal bond. In the absence of a statute authorizing the recovery of premiums for appeal bonds, the objections are allowed. *See Gowin v. Heider,* 237 Or 266, 326, 386 P2d 1, 391 P2d 630 (1964).

Objections allowed; appellants' costs and disbursements on appeal are allowed and taxed at $521.56.