## WHITE v. JACOBS PHARMACY CO., Inc.

### No. 2355 C. A.

District Court, N. D. Georgia,
Atlanta Division.

Sept. 28, 1942.

Ivey & Nathan, of Atlanta, Ga., for plaintiff.

Hirsch, Smith, Kilpatrick, Clay & Cody, of Atlanta, Ga., for defendant.

RUSSELL, District Judge.

Plaintiff filed suit seeking to recover from defendant unpaid minimum wages and overtime compensation alleged to be due under the provisions of Sections 6 and 7 of the Fair Labor Standards Act of 1938, 29 U.S.C.A. §§ 206, 207. The case has been submitted on a motion for a summary judgment and stipulation of facts.

From the facts stipulated it appears that the sole business of the defendant is the ownership and operation of eighteen retail drug stores in Fulton County, Georgia, from which all of its sales are made; that in the operation of its eighteen retail drug stores defendant maintains its general offices and a warehouse in a four story building in the City of Atlanta, which building is physically separated from the eighteen retail stores. The office and warehouse serve no purpose or function except to carry on and assist in carrying on all of the defendant's retail stores, which obtain practically all of their merchandise from the warehouse as needed; delivery being made by the warehouse trucks. Merchandise is ordered both from within and without the State and is received principally at the warehouse opened and stored there, and distributed from time to time to the retail stores. Separate accounts and books are kept for each individual store, including inventory records. All merchandise delivered to a particular store is charged to it and separate monthly profit and loss reports are made for each retail store. All sales on credit are charged to individual stores and the office and warehouse expenses are based upon the volume of sales to each individual store and pro-rated accordingly. Approximately forty-four per cent. of the merchandise handled by the defendant involves in some aspect interstate business either in purchase or delivery. Approximately sixty-six per cent. of the goods involves exclusively intrastate transactions.

The general buying public does not come to the building housing the warehouse and office to make purchases, and there are no show windows or displays of merchandise in this building which are intended for the public. Employees in this building include nine office employees and six warehouse employees.

The duties of plaintiff included work in both the office and the warehouse, assisting in the ordering of merchandise both from within and without the State, check-

ing the merchandise so ordered upon its receipt, assisting in the handling of consigned merchandise, both within and without the State, and including the return of consigned merchandise to points without the State.

The defenses of defendant asserted by its motion for summary judgment are: One, that the plaintiff was not engaged in commerce or for the production of goods for commerce, and two, that even if so engaged, plaintiff was exempt by the terms of Section 13(a) (1) and 13(a) (2), 29 U.S.C.A. § 213(a) (1, 2).

The facts stipulated clearly show that the plaintiff is engaged in commerce and her employment subject to the provisions of Sections 6 and 7 of the Fair Labor Standards Act, supra, unless her employment falls within the exemption provided by Sections 13(a) (1) or (a) (2). In the view entertained it is unnecessary to consider the exemption provided for in Section 13(a) (1) for it is clear to the Court that under the expressed terms of Section 13(a) (2) the provisions of Sections 6 and 7 are not applicable. It is there provided: "Section 13(a). The provisions of sections 6 and 7 [sections 206 and 207 of this title] shall not apply with respect to * * * any employee engaged in any retail or service establishment the greater part of whose selling or servicing is in intrastate commerce." Plaintiff contends, as does the Administrator of the Wage and Hour Division of the United States Department of Labor, who was granted leave to file a brief as amicus curiae, that the defendant's complete business is not a "retail or service establishment", and that the exemption applies only to defendant's retail stores separately and does not apply to the defendant's warehouse and office. It is the defendant's contention that its entire organization, which in fact sells only at retail in intrastate commerce is a "retail establishment" within the terms of the exemption provided.

It may be stated at the outset that while in applying the provisions of Sections 6 and 7 of the Fair Labor Standards Act the test of coverage related to the nature of the employment of the particular employee (Fleming v. A. B. Kirschbaum, 3 Cir., 124 F.2d 567), as concerns exemptions "the criterion used in Section 13(a) (2), on the other hand is based upon the nature of the business conducted

by the employer." Interpretative Bulletin No. 6, Wage & Hour Division, Fleming v. A. B. Kirschbaum Co., supra, 124 F.2d at age 570, note 2. This distinction clearly appears from the words of the statute. Thus in dealing with the present case the true question is the nature of the business conducted by the defendant. Certainly it is undisputed that the defendant meets the "retail" requirement of the exemption and thus the remaining question is whether the manner in which the retail business is conducted places such business without the scope of the word "establishment". The argument in opposition to the motion for summary judgment stresses the fact that the office and warehouse of the defendant is physically separated from its stores, or places where its retail sales in intrastate commerce are made. And, further, that the exemption is applicable only to a single retail establishment and, consequently, that as the warehouse and office is not a part of any one of the retail outlets, it is not a retail establishment. While the interpretations of the Administrator are entitled to weight, it is conceded that the Act confers no authority upon the Wage and Hour Administrator to extend or restrict the scope of Section 13(a) (2). In his interpretation, the word "establishment" ordinarily means a physical place of business, and that "in case of branch stores each physically separated unit or branch store will be considered a separate establishment within the meaning of the exemptions," with the statement, however, that the exemption "does not apply to warehouses, central executive offices * * * or other non-retail selling unit which distributes to and serves stores. These are physically separated establishments which do not have the characteristics of retail or service establishments." Sections 33 and 37, Interpretative Bulletin #6, June, 1941. By Section 36 of this bulletin a "large department store even though it carries a wide variety of lines of merchandise which are ordinarily segregated or departmentalized not only as to location within the store, but also as to operation and records * * * if there is unity of ownership of all departments, and if all departments are operated as a single store, the enterprise, taken as a whole, will ordinarily be considered to be the establishment within the meaning of Section 13(a) (2)." It thus appears from the interpretation of the Administrator, as well as from the contention of the plaintiff in this case, that the sole fact relied upon to remove the defendant's operation from the effect of the exemption is the physical location of its office and warehouse, as well as the fact that its branches are located in eighteen separate buildings instead of one building. The operations of the plaintiff meet every test laid down by the Wage & Hour Division except that of physical location. Nothing is found within the terms of the statute which justifies a determination of the question of whether an enterprise is or is not a retail establishment predicated solely upon the physical location of its component parts. It appears rather that it was the clear intention of Congress to remove the effect of the operation of the statute from those firms engaged in retail selling either intrastate, or when even the "greater part of whose selling * * * is in intrastate commerce." It is the nature of the business rather than the location or locations in which it is conducted which determines coverage or exemption under the statute. In the case of a department store referred to in the Interpretative Bulletin, the location of the office, whether in the building or without, could have no possible bearing upon whether the establishment was retail or otherwise. As stated above, the application of the exemption in Section 13(a) (2) "is based upon the nature of the business conducted by the employer" and the location of the office or warehouse bears no relation to the nature of the business conducted. In other words, the statutory exemption applies to those establishments selling in intrastate commerce, such as the defendant.

Furthermore, as the present case is viewed the office and warehouse do not sell anything. While there may be books and inventories in separate branches or departments of a business for the purpose of its more efficient conduct, one cannot sell to oneself and from the standpoint of determining the question of a retail establishment the situation is no different than if a warehouse across the street from a single store was used by the proprietor as a storage place and in which was his office wherefrom was conducted the purchasing and the keeping of records of his business. It appears so unreasonable to determine the character of an establishment, singly owned and engaged only in intrastate retail sales, upon the basis of physical location of its buildings, that such intention should not be imputed to the

lawmakers by implication or strained construction. Nothing is found in the Act to indicate it was in anyway related to the control of chain stores, as contended by plaintiff. See Veazey Drug Company v. Fleming, D.C., 42 F.Supp. 689; Duncan v. Montgomery Ward Company, D.C., 42 F.Supp. 879.

Plaintiff relies chiefly upon the cases of Fleming v. American Stores Company, D.C., 42 F.Supp. 511; and Walling v. Goldblatt Bros., Inc., 7 Cir., 128 F.2d 778, 784. In the Goldblatt case it is expressly stated that the ruling should "not prejudice in any manner defendant's right to prove any of the statutory exemptions." The point now under consideration was not passed upon. In the American Stores Company case, supra, Judge Kalodner very carefully pointed out with reference to the exemption for retail establishments the immense volume of varied business done by the American Stores Company, including manufacturing, printing and transporting in interstate commerce, as well as the fact that sales were made to subsidiary corporations whose operations were separate and distinct and who made separate tax returns, and to the further fact that a principal part of the business of each of the subsidiaries was primarily in interstate commerce. The American Stores Company case dealt with a parent organization and its subsidiaries having business ramifications in several states and as to which it was sought to relate each activity whether of manufacture or wholesale sales to the ultimate of retail sales. In the present case the whole business of the defendant is retail sales and such participation in commerce as is shown is purely incidental to its retail sales. If the defendant was engaged in any other business or made any substantial wholesale sales to other parties the exemption claimed would be unavailable, for it would not then be a retail establishment.

 Of necessity each case must be governed by its facts and as recognized in Kirschbaum v. Walling, June 1, 1942, 316 U.S. 517, 62 S.Ct. 1116, 1118, 86 L.Ed. 1638, to search for a "dependable touchstone" by which to determine the questions arising under the statute from varying facts and situations "is as rewarding as an attempt to square the circle." To appropriate further thought there expressed, it may be said that when the question of determination of whether a particular business or portion thereof is or is not a "retail establishment" is sought to be made solely upon the physical location of its component parts, we are justified in the generalization that in such an instance "those charged with the duty of legislating are reasonably explicit and do not entrust its attainment to that retrospective expansion of meaning which properly deserves the stigma of judicial legislation." Kirschbaum v. Walling, supra. Being unable to read into the words of the statute that a retail establishment whose sales are solely in intrastate commerce is removed from the exemption provided in Section 13(a) (2) of the Act solely because its office and warehouse is physically detached from the location where its sales are actually consummated, it is concluded that the defendant is exempt from the provisions of Sections 6 and 7 of the Fair Labor Standards Act, supra, and the defendant's motion for summary judgment in its favor is therefore granted and the plaintiff's complaint ordered dismissed.