**FLETCHER et al. v. GRINNELL BROS.**

No. 3587.

District Court, E. D. Michigan, S. D.

July 11, 1944.

Robert F. Robbins, of Detroit, Mich., for plaintiffs.

Hull, Brown & Fischer and Harvey A. Fischer, all of Detroit, Mich., for defendant.

LEDERLE, District Judge.

### Findings of Fact

1. This is an action brought by the plaintiffs, employees of the defendant, for extra compensation in accordance with the provisions of the Fair Labor Standards Act, 29 U.S.C.A. § 201 et seq.

2. It is admitted by the defendant that all of the plaintiffs were, during some of the time covered by the complaint, employed by defendant, and that it did not comply with the provisions of the Fair Labor Standards Act relative to compensation and overtime pay. At the trial the evidence consisted of a disclosure by the defendant, in response to interrogatories, of the character of its business and the general method of transacting its business, supplemented by the testimony of some of its officers and most of the plaintiffs. At the close of the plaintiffs' proof, defendant moved that the complaint be dismissed, claiming that the evidence failed to show that plaintiffs were engaged in commerce or the production of goods for commerce within the meaning of the Act, and that defendant was exempt from the provisions of the Act because it was a retail establishment the greater part of whose selling was in intrastate commerce, and that even if plaintiffs were engaged in commerce they are not subject to the Fair Labor Standards Act for the reason that their activity is covered by the Interstate Commerce Act, 49 U.S.C.A. § 304 in accordance with the provisions of Section 13 (b) of the Fair Labor Standards Act.

3. The defendant is a Michigan corporation with its principal office located in the City of Detroit. During the period covered by the complaint, it operated eight or more retail stores in various cities in the state of Michigan, one retail store in Windsor, Ontario, Canada, and another retail store at Toledo, Ohio. It is conceded that all of its sales were made at retail, and that it conducted no wholesale business. In a few isolated instances some of the merchandise sold at retail at the Michigan stores was shipped out of the state of Michigan at the request of the customer. Defendant also maintained a warehouse in the city of Detroit, where surplus stock was stored awaiting transfer either to the retail outlets or directly to the customers. In addition, defendant maintains a small factory employing approximately fifty employees at Holly, Michigan, about fifty miles from Detroit, where it manufactured pianos and piano benches. All of the output of this factory was sold at retail by the defendant through its regular stores. Less than 8% of the merchandise marketed by the defendant was manufactured by it. None of the plaintiffs performed any work in the Holly factory in the production of goods for commerce. On the occasional instances when the employees operating trucks stopped at the Holly plant to pick up merchandise it was for the purpose of supplying this merchandise to the Detroit warehouse or some of the retail stores located in Michigan.

4. Less than 8% of the total sales of merchandise made by defendant were made at the Windsor and Toledo stores, being approximately 3% in the Windsor store and approximately 4% in the Toledo store. Most of the merchandise sold at the Windsor and Toledo stores was shipped directly to those stores from the source of supply, and only a small amount was delivered from the Detroit warehouse. On the occasions when merchandise was to be delivered from the warehouse to the Windsor store, it was delivered by defendant's trucks to

260

the American side of the border and thence by other means to the store. In making deliveries from the Detroit warehouse to the Toledo store, such deliveries were incidental to deliveries to defendant's retail stores located on the route to Toledo and to homes of retail customers located in that section of Michigan.

5. All of the plaintiffs were engaged either as truck drivers, helpers, or warehousemen in connection with the retail sales of the defendant. The plaintiffs employed in connection with trucking also assisted at times in servicing trucks, packing and unpacking merchandise, loading and unloading trucks, and other activities in and about defendant's warehouse. Those who were not engaged as drivers or helpers on the trucks performed miscellaneous duties around the warehouse, including the duties of watchmen, cleaners, elevator operators, etc.

### Conclusions of Law

■ 1. This is an action arising under a law regulating commerce and this court has jurisdiction. 23 U.S.C.A. § 41(8)

■■ 2. The burden of proof is on the defendant to show that its business is a retail establishment and that therefore it is entitled to the exemption of Section 213(a). Walling v. Fred Wolferman, Inc., D.C., 54 F.Supp. 917. Where it appears, however, from the evidence offered by the plaintiffs together with the cross-examination of the witnesses called by the plaintiffs that the defendant's business is exempt from the provisions of the act, that is sufficient.

■ 3. If the defendant is correct that it is exempt from the provisions of the Fair Labor Standards Act because it is a retail establishment, the greater part of whose sales are in intrastate commerce, it will be unnecessary to consider any other question raised by the pleadings or proofs. It is immaterial that defendant owns and maintains a number of retail outlets and that it maintains warehousing facilities to provide for necessary and economical distribution of the merchandise to its retail outlets. More than 95% of defendant's retail sales are in intrastate commerce. Aside from the manufacturing plant at Holly, defendant's business is solely that of a retail establishment. None of the plaintiffs performed any activity in connection with the production of goods for commerce in that the transportation from the source of supply of the small amount of merchandise transported from Holly to Detroit was carried on

solely for the business of operating the retail establishment. All of the goods handled by the plaintiffs were goods acquired and held by the defendant for local disposition. None of them were purchased by the defendant upon order of a customer with the definite intention that the goods should be carried directly to the customer, and none of the goods were obtained from the source of supply pursuant to an understanding with a customer for immediate delivery.

■ 4. An employer may operate a manufacturing plant and a retail establishment at the same time. Employees engaged in the retail business of the employer may be exempt from provisions of the Act while employees of the manufacturing department are not. Davis v. Goodman, 4 Cir., 133 F. 2d 52. When a question arises as to the application of the Act to a number of employees of an employer, each individual employee's status must be considered separately. Likewise, where the employer is engaged in different types of business, careful consideration must be given to the various business activities of the employer. Walling v. Sanders, 6 Cir., 136 F.2d 78.

■ The test of coverage of the provisions of Sections 6 and 7 of the Act is the nature of the employment of the particular employee; the test in construing the exemption in Section 13(a)(2) must be the primary business of the employer, not the particular occupation of the employee, because the exemption relates to employers only. Fleming v. A. B. Kirschbaum, Co., 3 Cir., 124 F.2d 567, affirmed Kirschbaum v. Walling, 316 U.S. 517, 62 S.Ct. 1116, 86 L.Ed. 1638; Overstreet v. North Shore Corporation 318 U.S. 125, 63 S.Ct. 494, 87 L.Ed. 656; White v. Jacobs Pharmacy Co., D.C., 47 F.Supp. 298.

■ 5. In considering the application of the Act to a specific state of facts no abstract formula can be applied. General propositions are of little aid in determining boundaries between what is covered by the Federal legislation and what Congress intended should be left to the states. Kirschbaum v. Walling, supra. The task is one of accommodation. Walling v. Sanders, supra.

■ 6. Plaintiffs were employed by the defendant in its retail establishment the greater part of whose selling was in intrastate commerce and they cannot recover. Judgment will be entered dismissing the complaint with costs to defendant.