Argued September 22, modified October 18, 1927.

## OCEAN ACCIDENT & GUARANTEE CORP., LTD., *v.* ALBINA MARINE IRON WORKS.

(260 Pac. 229.)

Contracts—Law Applicable is Part of Every Valid Contract.

1. The law of the land applicable thereto is a part of every valid contract.

---

1.  See 6 R. C. L. 855.

Insurance—Contract Providing Premium Rate was to be Determined, Presumption is That Rate was Determinable by Schedule Filed With Insurance Commissioner (Or. L., §§ 6356, 6362, 6389, Subd. 13, and § 6328, Subd. 7 as Amended by Laws 1921, p. 304).

2. Where insurer and insured entered into contract providing that premium rate on binders was to be determined, presumption is that the rate was to be determined, under Sections 6356, 6362, 6389, subdivision 13, Or. L., and Section 6328, subd. 7, as amended by Laws of 1921, page 304, by schedule of rates filed by insurer with the insurance commissioner, since no other rate could be lawfully exacted.

Pleading—In Action to Collect Premiums, Striking from Answer Allegations Setting Up Contract to Charge Same Rate Other Corporations Charged Defendant Held Proper.

3. In action to collect premiums due on binders insuring defendant against loss by casualties, where contract provided that premium rate was to be determined, striking from defendant's answer allegations setting up contract to charge same rate some other company had previously charged defendant for similar insurance *held* proper, since presumption was that rates contained in schedule of rates filed with the insurance commissioner were reasonable.

Insurance—Contract Providing Premium Rate on Binders was to be Determined, Rates are Conclusively Presumed to be Schedule Rates Filed With Insurance Commissioner.

4. In action to collect premiums due on binders in which rate was not fixed, rates are conclusively presumed to be the schedule rates filed with the insurance commissioner.

Insurance—Allowing Attorney's Fee, in Action to Collect Premiums on Insurance Policy, Held Error (Or. L., § 6355).

5. Section 6355, Or. L., is restricted to allowance of attorney's fees to cases brought to recover on policies, where loss is not paid within named times, but does not include allowance of attorney's fees in action to collect premium due on binders.

Conflict of Laws, 12 C. J., p. 449, n. 63.
Contracts, 13 C. J., p. 560, n. 37, p. 561, n. 38.
Insurance, 32 C. J., p. 977, n. 46, p. 1162, n. 24, 25, p. 1193, n. 24; 33 C. J., p. 72, n. 18 New.
Statutes, 36 Cyc., p. 1162, n. 49, 56.

From Multnomah: GEORGE ROSSMAN, Judge.

Department 1.

This action was instituted to collect premiums due on binders issued by plaintiff to defendant insuring defendant against loss by casualties. The rate was

not fixed in the binder nor the amount of premium for such insurance stated. In lieu thereof one policy contained this statement: "Premium rate to be determined." The other policy contained this legend: "Premium rate various." Plaintiff charged the rate named in its schedule filed with the insurance commissioner under the provisions of Section 6328, subdivision 7, Or. L., as amended by Chapter 155, Gen. Laws of 1921. Defendant contends that an agreement existed between defendant and plaintiff whereby the rate was to be the same as charged by another insurance company theretofore. The agreement as claimed by defendant was pleaded as an affirmative defense. A motion to strike that plea was sustained by the court. At the trial defendant offered to prove the same allegation. The proof was rejected on objection by plaintiff. Appellant states that the only question presented by this appeal is the ruling of the court on the motion to strike said affirmative defense and the order rejecting the evidence offered by defendant to prove that defense.     Modified.

For appellant there was a brief over the name of *Messrs. Senn & Recken,* with an oral argument by *Mr. Frank J. Senn.*

For respondent there was a brief over the name of *Mr. W. A. Robbins,* with an oral argument by *Mr. F. J. Betz.*

COSHOW, J.—1–3. The law of the land applicable thereto is a part of every valid contract. When plaintiff and defendant entered into the contract providing "Premium rate to be determined" the law presumes that the rate was to be determined by the

schedule of rates filed by plaintiff with the insurance commissioner. Under the statute no other rate could be lawfully exacted: Or. L., § 6328, subd. 7, as amended by Chap. 155, Gen. Laws 1921; Or. L., §§ 6356, 6362, 6389, subd. 13; *Rosenkrantz* v. *Barde,* 107 Or. 338, 351 (214 Pac. 893); *German Alliance Ins. Co.* v. *Lewis,* 233 U. S. 389 (58 L. Ed. 1011, 34 Sup. Ct. Rep. 612, L. R. A. 1915C, 1189, see, also, Rose's U. S. Notes); *Stephen Peabody, Jr., & Co., Inc.,* v. *Travelers' Ins. Co.,* 240 N. Y. 511 (148 N. E. 661, 42 A. L. R. 1090). The same rule must be applied to the language, "premium rate various," employed in the binder which is the basis of the second cause of action. It was not error, therefore, to strike from defendant's answer the allegation setting up a contract to charge the same rate some other company had previously charged defendant for similar insurance which was to be in any event a reasonable rate. The presumption is that the rates contained in the schedule of rates filed by plaintiff with the insurance commissioner are reasonable. That presumption is not traversed by the allegation stricken. In so far as the rate claimed by defendant deviates from such schedule rate it is inconsistent with defendant's allegation that the rate to be charged was to be a reasonable rate. For the same reasons the court did not err in refusing offer of proof of the allegation stricken from the answer. It was an offer to prove an illegal contract to the extent the evidence offered tended to prove a rate charged by some other company which was less than the schedule of rates on file with the insurance commissioner at the time the contract of insurance was entered into by the parties.

4. Defendant urges that if the contract to insure was at a rate less than the statute or schedule rate

the binders are unlawful and plaintiff cannot collect anything. It cannot be said that the contract of insurance is void because in conflict with the statute. The contract is not in conflict with the statute. The rates not being specifically set down in the binders are conclusively presumed to be the schedule rate. If the binders specified an unlawful rate the case would be different in principle: *Zoller Hop Co.* v. *Southern Pac. Co.,* 72 Or. 262 (143 Pac. 931); *Fidelity & Deposit Co.* v. *Moore,* 3 Fed. (2d) 652. The Binders, as contained in the complaint and admitted by answer, considered in the light of the pleadings, must be construed as though the schedule rates were written therein.

5. The only other assignment of error is the allowance of attorney's fee to plaintiff. The allowance was made by virtue of Section 6355, Or. L. We do not think that section authorizes allowance of attorney's fee in an action to collect premiums on an insurance policy. Such an action is not "upon any policy" within the meaning of the statute. The first proviso in that section is in the following words:

"Provided, that settlement is not made within eight months from date proof of loss is filed with the company."

"The appropriate function of a proviso is to restrain or modify the purview of the statute in which the proviso is found." *Olson* v. *Heisen,* 90 Or. 176, 178 (175 Pac. 859).

The proviso in said Section 6355 restricts the provision for attorney's fee to cases brought to recover on the policy where the loss is not paid "within eight months from date proof of loss is filed with the company." The objective of the instant case is the col-

lection of premiums. It was error to allow plaintiff attorney's fee.

The judgment of the Circuit Court is modified by striking out the allowance of all attorney's fee, and affirmed in all other respects. Appellant will recover costs in this court.                         Modified.

Rand, C. J., and McBride and Brown, JJ., concur.