**FLETCHER et al. v. GRINNELL BROS.**
No. 3587.

District Court, E. D. Michigan, S. D.
Feb. 28, 1946.

Robert F. Robbins, of Detroit, Mich., and Maurice Sharai, of Highland Park, Mich., for plaintiff.

Hull, Brown & Fischer, of Detroit, Mich., for defendant.

LEDERLE, District Judge.

This action is presently before the court on mandate from the Circuit Court of Appeals, following opinion reported in 150 F.2d 337, reversing 62 F.Supp. 258, and involves fifteen plaintiff-employees' claims for overtime compensation and liquidated damages in accordance with the Fair Labor Standards Act of 1938, 29 U.S.C.A. § 201 et seq.

Since the institution of this case plaintiff Herbert Fletcher, a resident of Wayne County, Michigan, died on October 1, 1945. Earl Fletcher was appointed administrator of this decedent's estate by the Wayne County Probate Court, and now petitions for substitution in the place of plaintiff Herbert Fletcher in accordance with Federal Rules of Civil Procedure, rule 25, 28 U.S.C.A. following section 723c.

Obviously, claims of the surviving plaintiffs, being separate causes of action, are not affected by death of this plaintiff.

The motion to substitute is timely, being made within two years of this plaintiff's death. Rule 25(a) (1).

The right of the administrator to be substituted in decedent's place is conditioned upon this plaintiff's claim being one that was not extinguished by his death. Rule 25(a) (1).

In opposing the motion to substitute, defendant relies upon a number of cases, such as Schreiber v. Sharpless, 1884, 110 U.S. 76, 3 S.Ct. 423, 28 L.Ed. 65, which hold that suits in the United States Courts for the recovery of penalties imposed by an Act of Congress do not survive, defendant contending that liability imposed upon an employer by the Fair Labor Standards Act is a penalty. Defendant also contends that this action arises under the enforcement provisions of such Act, citing Brooklyn Sav. Bank v. O'Neil, 1945, 324 U.S. 697, 65 S.Ct. 895, and that the action, being predicated upon a violation of the Act, is ex delicto and does not survive in the absence of a specific survival statute.

If a cause of action dies with the person, the suit states and cannot be revived, and whether an action survives depends on the substance of the cause of action and not on the forms of proceeding to enforce it. Schreiber v. Sharpless, supra; Gerling v. Baltimore & O. R. Co., 1894, 151 U.S. 673, 14 S.Ct. 533, 38 L.Ed. 311.

If the cause of action is founded on a contract, and the breach complained of resulted in a property loss, it survived the death of the contracting parties at common law, and, therefore, would survive to Fletcher's Administrator. 1 C.J.S., Abatement and Revival, § 137, p. 184; 1 Am. Juris. 70; M.S.A. 27.684, Comp.Laws 1929, § 14040.

[4] The provisions of the Fair Labor Standards Act, fixing the minimum measure of the employer's liability to pay for services rendered by an employee, must be read into and form a part of every employment contract to which the Act applies. Northwestern Yeast Co. v. Broutin, 6 Cir., 1943, 133 F.2d 628; Manseau v. United States, D.C.1943, 52 F.Supp. 395, appeal dismissed January 17, 1944.

[5] Thus construed, if it is ultimately determined here that the deceased plaintiff's employment was covered by the Act, his employment contract called for the minimum pay specified by the Act plus an equal amount as liquidated damages in event of failure to pay at the proper time. The liquidated damages specified in the Act are in lieu of interest, traditionally allowed in the absence of other provision as damage for the delay in paying money due. Brooklyn Sav. Bank v. O'Neil, 1945, 324 U.S. 697, 65 S.Ct. 895.

As stated in 324 U.S. on page 707 of this last cited case, 65 S.Ct. on page 902:

"We have previously held that the liquidated damage provision is not penal in its nature but constitutes compensation for the retention of a workman's pay which might result in damages too obscure and difficult of proof for estimate other than by liquidated damages. Overnight Motor Transp. Co. v. Missel, 316 U.S. 572, 62 S.Ct. 1216, 86 L.Ed. 1682."

The case of Northwestern Yeast Co. v. Broutin, supra, a pronouncement of the Sixth Circuit Court of Appeals to

780

which this court must adhere, holds that an action such as here involved is not for a penalty but for a debt or an action for wages due under the employment contract, and hence is subject to the Ohio Attachment Statute as a debt or demand arising upon contract.

This reasoning is analogous to that appearing in Buckley v. Oceanic S. S. Co., 9 Cir., 1925, 5 F.2d 545, which holds that double wages recoverable by seamen under 46 U.S.C.A. § 596, during wrongful delay in payment of wages due, are considered wages and not a penalty.

■ Upon failure to pay minimum wages provided by the Fair Labor Standards Act, the employer's liability to pay the liquidated damages accrues, giving the employee a vested right thereto regardless of whether or not the employee is forced to institute suit to recover the amount due. Brooklyn Sav. Bank v. O'Neil, supra.

■ This action is essentially ex contractu, even though the breach complained of also constitutes a criminal violation as defined in Subsection (a) of Section 16 of the Act, 29 U.S.C.A. § 216(a).

■ An employee's right to reimbursement for unpaid minimum compensation and liquidated damages in accordance with such Act is a debt of the employer to the employee arising out of such employment contract. Therefore, it constitutes personal property which would survive to this deceased employee's administrator and be subject to administration in accordance with the Michigan Probate Code. M.S.A. 27.3178(120), Comp.Laws Supp.1940, 16289-2(50); Olson v. Preferred Automobile Ins. Co., 259 Mich. 612, 244 N.W. 178.

■ The capacity to sue is determined by the law of the state in which the District Court is held. Rule 17(b). An administrator appointed by the Wayne (Michigan) Probate Court for the estate of a deceased resident of Wayne County is the proper party to prosecute an action commenced in Michigan by the decedent in his lifetime when the action survives. M.S.A. 27.3178(120), (419), 27.684 et seq., Comp. Laws Supp.1940, §§ 16289-2(50), 16289-8 (9); Comp.Laws 1929, § 14040 et seq.

It follows that the motion to substitute should be granted, and an order to that effect is being entered simultaneously herewith.