Argued and submitted February 11, affirmed October 13, 1999

Robin BUTTERFIELD
and Lynnda D. Transue,
*Appellants,*

*v.*

STATE OF OREGON,
*Respondent.*

(97C12556; CA A101431 (Control))

David QUILLIN,
Garold Assums, Lawrence Belcher,
Richard Brooke, Roger Clark, James Grammar,
Terry Griffith, Glen McDonald, Glen Rader,
Mike Reinecke, Carl Salter, James Simpson,
Randle Sitton, Terry Springer, Ken Stern,
Art Walker, Richard Wingfield, Robert Amela,
Dennis Belsky, Nancy Blanchard, Robert Colon,
Karen Eastman, Virginia Edwards,
Cynthia Eisenmeyer, Alice Ellis, Lavon Hall,
Robert Jarvill, Randy Martinak, Ernest Oakes, Jr.,
Judith Stone, C. L. Thames, Harvey Suwol,
Roger Wagner, David Young,
*Appellants,*

*and*

Patrick GREGG,
Mike Ross and Daryl Reister, Sr.,
*Plaintiffs,*

*v.*

STATE OF OREGON,
*Respondent.*

(98C-11963; CA A102209)
(Cases Consolidated)

987 P2d 569

John Hoag argued the cause and filed the briefs for appellants.

Mary H. Williams, Assistant Solicitor General, argued the cause for respondent. With her on the brief were Hardy Myers, Attorney General, and Michael D. Reynolds, Solicitor General.

Before Edmonds, Presiding Judge, and Deits, Chief Judge,* and Armstrong, Judge.

EDMONDS, P. J.

Armstrong, J., dissenting.

---

\* Deits, C. J., *vice* Warren, P. J., retired.

**EDMONDS, P. J.**

Plaintiffs appeal from a judgment dismissing their actions against the State of Oregon alleging a violation of the Fair Labor Standards Act (FLSA). The trial court held that it did not have jurisdiction because of the State of Oregon's sovereign immunity and because plaintiffs did not give timely notice of their claims under the Oregon Tort Claims Act (OTCA). We review for errors of law and affirm.

Plaintiffs brought these actions to recover overtime compensation that they claim is owed to them under the FLSA.[1] As salaried state employees, the state treated plaintiffs as exempt from FLSA overtime requirements at all material times.[2] They now claim that, according to Department of Labor regulations, the state was required to pay them overtime. *See generally Auer v. Robbins,* 519 US 452, 117 S Ct 905, 137 L Ed 2d 79 (1997).

Initially, some of the plaintiffs had brought their claims in the United States District Court. Those claims were dismissed for lack of jurisdiction, *Stuhr v. State,* No. CIV 95-6118TC, 1996 WL 888187 (D Or 1996), *aff'd sub nom Quillin v. Oregon,* 127 F3d 1136 (9th Cir 1997), in accordance with the United States Supreme Court's decision in *Seminole Tribe of Florida v. Florida,* 517 US 44, 116 S Ct 1114, 134 L Ed 2d 252 (1996). Thereafter, plaintiffs brought these actions in the Marion County Circuit Court.[3] In an ORCP 47 motion

---

[1] 29 USC § 216(b) (1998) provides, in part:

"Any employer who violates the provisions of section 206 [establishing minimum wage requirements] or section 207 [establishing maximum hours and overtime compensation requirements] shall be liable to the employee or employees affected in the amount of their unpaid minimum wages, or their unpaid overtime compensation, as the case may be, and in an additional equal amount as liquidated damages. * * * An action to recover the liability prescribed in either of the preceding sentences may be maintained against any employer (including a public agency) in any Federal or State court of competent jurisdiction by any one or more employees for and in behalf of himself or themselves and other employees similarly situated."

[2] 29 USC section 213 (1998) contains a number of exemptions from the requirement, of section 207, that overtime be paid when employees work over 40 hours in a work week.

[3] There are two different groups of state employees involved in this consolidated appeal: union represented employees and unrepresented management employees. Robin Butterfield and Lynda Transue are union plaintiffs and the other

for summary judgment, the state argued that plaintiffs had failed to give timely notice of their claims under the OTCA, ORS 30.260 through 30.300, as required to bring a tort claim against the state. In turn, plaintiffs moved for partial summary judgment on the issue of the state's liability. The trial court granted the state's motion and dismissed the claims in their entirety for lack of jurisdiction.

Plaintiffs do not contend that they gave timely notice under the OTCA regarding their FLSA claims.[4] Instead, they argue that such notice is not required for a FLSA claim brought in state court. They first assert that the state's sovereign immunity was abrogated by Congress when it enacted the FLSA. Therefore, they do not have to comply with the notice provisions of the OTCA. After the briefs were filed in this case, the Supreme Court rejected that argument in *Alden v. Maine*, 527 US 706, 119 S Ct 2240, 144 L Ed 2d 636 (1999), holding that "the States retain immunity from private suit in their own courts, an immunity beyond the congressional power to abrogate by Article I legislation." As a result, plaintiffs can sue a state in state court under the FLSA only if the state has waived its right to immunity from suit. *Alden*, 119 S Ct at 2267.

■ ■   Article IV, section 24, of the Oregon Constitution, provides that "[p]rovision may be made by general law, for bringing suit against the State, as to all liabilities originating after, or existing at the time of the adoption of this Constitution[.]" The OTCA represents a partial waiver by general law of the state's immunity. *Hale v. Port of Portland*, 308 Or 508,

---

appellants are nonunion plaintiffs. The parties sought to have their separate cases consolidated for purposes of resolving the jurisdictional issue raised in both cases, and the trial court ordered consolidation.

[1] ORS 30.275 provides, in part:

"(1) No action arising from any act or omission of a public body or an officer, employee or agent of a public body within the scope of ORS 30.260 to 30.300 shall be maintained unless notice of claim is given as required by this section.

"(2) Notice of claim shall be given within the following applicable period of time, not including the period, not exceeding 90 days, during which the person injured is unable to give the notice because of the injury or because of minority, incompetency or other incapacity:

"(a) For wrongful death, within one year after the alleged loss or injury.

"(b) For all other claims, within 180 days after the alleged loss or injury."

516-17, 783 P2d 506 (1989). If a FLSA claim is a "tort" for purposes of the OTCA,[5] then plaintiffs must comply with the notice requirements of the act to take advantage of the state's partial waiver of immunity. Here, plaintiffs did not give timely notice of their claims under ORS 30.275. "The requirement that notice be given timely is a substantive condition precedent to recovery under the Oregon Tort Claims Act that, if not satisfied, deprives a plaintiff of the right to make a claim. *Urban Renewal Agency v. Lackey*, 275 Or 35, 40, 549 P2d 657 (1976)." *Tyree v. Tyree*, 116 Or App 317, 320, 840 P2d 1378 (1992), *rev den* 315 Or 644 (1993). If the OTCA is applicable to plaintiffs' actions, the actions are barred by ORS 30.275.

Plaintiffs argue that the OTCA is inapplicable because the state's duty to pay overtime arises out of employment *contracts* and that the definition of "tort" under ORS 30.260(8) excludes duties arising from contract or quasi-contract. Plaintiffs' argument fails to acknowledge relevant case law that characterizes the breaches of legal duties arising from statute as "torts" for the purposes of the OTCA. In *Urban Renewal*, a state agency sought rent from the defendants on a building that the agency had previously condemned. The defendants counterclaimed for damages, alleging that, under federal regulations, the agency had a duty to assist them in obtaining a replacement location and that the agency had failed to comply with the regulations. The agency demurred to the counterclaim on the ground that it did not allege notice as required by the OTCA. The trial court granted the demurrer, and on review, the Supreme Court affirmed, holding that the breach was a tort for purposes of the OTCA:

"It has been said, and with good reason, that no really satisfactory definition of a tort has yet been found. As a general rule, however, any breach of a legal duty resulting in damages, other than those duties created by contract, is a tort, whether that duty is imposed by the common law or by statute. Also, in our view, and as held in *Gray v. Hammond*

---

[5] ORS 30.260(8) defines "tort" as "the breach of a legal duty that is imposed by law, other than a duty arising from contract or quasi-contract, the breach of which results in injury to a specific person or persons for which the law provides a civil right of action for damages or for a prctective remedy."

*Lumber Co., et al*, 113 Or 570, 232 P 637, 233 P 561, 234 P 261 (1925):

> " 'When statutes are enacted which undertake to declare rights and establish a standard of conduct for their protection, any acts or omissions in violation of such statute, which destroy the enjoyment of such rights, may be treated as legal wrongs or torts: * * *.' " *Urban Renewal*, 275 Or at 38 (footnote omitted).

Also, in *Griffin v. Tri-Met*, 318 Or 500, 506, 870 P2d 808 (1994), the court rejected the Oregon Trial Lawyers Association's *amicus* argument that an unlawful employment practice was not a tort under the OTCA. Citing to *Urban Renewal*, the court held that ORS 659.425(1) imposes on an employer a duty not to discharge an individual based on physical impairment and that that duty is "a legal duty imposed by law, other than a duty arising from contract or quasi-contract" within the meaning of the OTCA. *Griffin*, 318 Or at 506-07.

Finally, in *Fullerton v. Lamb*, 177 Or 655, 163 P2d 941, 165 P2d 63 (1946), the plaintiff sued to recover overtime pay and penalties under the FLSA. The defendant demurred on the ground that chapter 265, of the Oregon Laws (1943), operated to bar the action because the action had not been brought within the statute of limitations expressed by that chapter. 177 Or at 659-60. Because there was no applicable federal statute of limitations, the court looked to available statutes of limitations under Oregon law. Before the enactment of chapter 265, the action would have been governed by OCLA § 1-204(1) (prescribing a limitation of six years based on express or implied contract), or OCLA § 1-204(2) (prescribing a six-year limitation for liability created by statute, other than for a penalty or forfeiture), or OCLA § 1-205 (prescribing a three-year limitation on actions for penalties). *Id.* at 661-62. Under chapter 265, the plaintiff was required to bring his action within three months or at the most, six months after the effective date of the statute. At issue on appeal was the constitutionality of chapter 265 in light of the substantive rights granted by the FLSA.[6] In deciding that issue, the court

---

[6] Chapter 265 was held unconstitutional by the court because it conflicted with the substantive provisions of the FLSA. *Fullerton*, 177 Or at 685.

said, "[w]e are inclined to the view, * * *, that this is an action upon a liability created by statute rather than one upon a contract or liability, express or implied." *Fullerton*, 177 Or at 661.

In light of the foregoing cases, we turn to the question of whether plaintiffs' actions are founded in "tort" as contemplated by the language of the OTCA, or in contract and exempt from its provisions. The question is one of statutory interpretation and the intent of the Oregon Legislature. The language of the OTCA and the Oregon Supreme Court case law interpreting it supply the initial focus for our inquiry. *See State v. Clevenger*, 297 Or 234, 244, 683 P2d 1360 (1984). Has the state consented to be sued under the FLSA, a federal statute, without compliance with the OTCA notice requirements when the employment relationships at issue do not include the duty on which plaintiffs rely? The answer depends on what gives rise to the claim. It is apparent from the language of the applicable statutes and the case law interpreting them that claims based on rights or duties created by statutes are to be treated as "tort" claims for purposes of the OTCA. On the other hand, if a claim is based on a contractual provision, then the exemption applies. Here, we conclude that, because the duty relied on by the plaintiffs is imposed not by the terms of their employment relationships with the state but by federal law, the legislature would have intended plaintiffs' actions to be considered as founded in tort and subject to the OTCA notice provisions.

The dissent believes to the contrary. It says:

> "As a matter of federal law, the Fair Labor Standards Act (FSLA) regulates the terms of employment contracts, and claims under the act are claims on a contract. Despite that federal construction of a federal statute, the majority concludes that in Oregon a claim under the FLSA is a tort. * * * Because * * * this action is in fact contractual in nature, under ORS 30.320 the state has consented to be sued." 163 Or App at 238.

The dissent's contentions prove too much. First, the federal circuit court opinions and the three lower federal court opinions, to which the dissent refers, all involve the application of state statutes of limitations and the determination as to what

particular state statute should be applied.[7] They do not support the concept that there is an overriding principle of federal supremacy that prevents states from deciding for themselves whether a FLSA claim is a contractual or a tort claim under a particular state statutory scheme. In fact, they demonstrate that the legal characterization of a FLSA action is a question to be decided under state law. Clearly, Oregon courts when construing a statute passed by the Oregon Legislature are not bound by lower federal court characterizations regarding the state statutes.

■      In addition, under Oregon law, a tort action may arise from a contractual relationship when it is based on a duty that is independent of the specific terms of the contract. *Georgetown Realty v. The Home Ins. Co.*, 313 Or 97, 106, 831 P2d 7 (1992). Here, plaintiffs do not contend that they are entitled to overtime pay under the terms of their employment contracts. They rely solely on the rights given to them under a statute, the FLSA, that is independent of their relationship.

The relationship of the FLSA to plaintiffs' employment relationships is similar to the relationship between the employment contract in issue and a statute in *Maddox v. Clac. Co. Sch. Dist. No. 25*, 293 Or 27, 643 P2d 1253 (1982). There the issue was whether a probationary school teacher, whose contract was expressly subject to the laws of the State of Oregon that prohibited termination of employment of probationary teachers at will, could bring a claim for breach of contract when termination was not elsewhere dealt with in his contract. The court ruled:

---

[7] Sections 11819 through 11821, of the General Code of Ohio, are the subject of the opinion in *Northwestern Yeast Co. v. Broutin*, 133 F2d 628, 629 (6th Cir 1943). The court in *Roland Electrical Co. v. Black*, 163 F2d 417, 423 (4th Cir 1947), *cert den* 333 US 854 (1948), begins its discussion by saying, "it is * * * necessary to decide whether the suit is based upon wage contracts governed by * * * Art. 57, § 1 of the Maryland Code, or is based upon the Fair Labor Standards Act to such an extent that it must be considered a suit on a specialty * * * provided by Art. 57, § 3 of the Maryland Code." The issue in *Fletcher v. Grinnell Bros.*, 64 F Supp 778 (ED Mich 1946) was whether a FLSA claim survived after the plaintiff's death under Michigan statutes. In *Keen v. Mid-Continent Petroleum Corporation*, 58 F Supp 915, 917 (ND Iowa 1945), the court observed that "where a federal statute provides for a right and Congress has not prescribed any period of limitation, * * * the valid applicable state statutes of limitations are to be applied." The court in *Cunningham v. Weyerhaeuser Timber Co.*, 52 F Supp 654, 655 (WD Wash 1943), focused on a Washington statute of limitations.

"Those interests of the parties which exist by virtue of the contract (*e.g.,* compensation) may be protected by contract remedies. Plaintiff's freedom from improper termination, however, does not arise from the contract. That interest exists by virtue of the statute. His remedies also exist by virtue of the statute. The contract only acknowledges that its provisions (*e.g.,* term) are 'subject to,' among other things, the termination provision of [the statute]. No additional contract right or remedy to enforce the statute is created by the 'subject to' provision." 293 Or at 33.

The dissent argues that the FLSA has become part of the contracts between the state and plaintiffs. However, when Oregon statutes become part of the terms of a contract, it is because of the intention of the Oregon Legislature. For instance, the legislature requires certain statutory requirements to be expressed in insurance policies. *See, e.g.,* ORS ch 742. No such statute or evidence of legislative intent exists here. Insofar as the record before us is concerned, the provisions of the OTCA were enacted and operate independently from the provision of the FLSA.

Also, rights granted by statutes could become contractual terms because the performance of an employee is tendered in consideration of a statutory right. For instance, in *Oregon State Police Officers' Assn. v. State of Oregon,* 323 Or 356, 918 P2d 765 (1996), public employees, and unions representing public employees, challenged the lawfulness of constitutional amendments affecting the state retirement system. In deciding whether a contract relationship between the public employees and the state included statutory pension rights, the court reviewed its holdings in *Crawford v. Teachers' Ret. Fund Ass'n,* 164 Or 77, 99 P2d 729 (1940), *Harryman v. Roseburg Fire Dist.,* 244 Or 631, 634, 420 P2d 51 (1966), and *Taylor v. Mult. Dep. Sher. Ret. Bd.,* 265 Or 445, 452, 510 P2d 339 (1973), among others. The court summarized those cases as recognizing "that the [state retirement system] is an offer for a unilateral contract which can be accepted by the tender of part performance by the employee." 323 Or at 371.

In *Crawford,* a teacher sought to compel payment of an annuity upon retirement under a statute that required school districts to make deductions from teachers' salaries

and provide for a teachers retirement fund association. The issue on appeal was whether the plaintiff was entitled to an annuity after the association had modified its bylaws subsequent to her retirement to require an increased amount of contribution level that the plaintiff did not meet. Ruling in the plaintiff's favor, the court said:

> "We do not consider the annuities provided under the teachers' retirement fund plan as in the nature of pensions or bounties which a beneficent sovereignty, acting at its will, may change or abolish. The teacher, by continuing in the service and making contributions to the fund, has, in effect, accepted the offer of the State, through its governmental agencies, to pay an annuity upon retirement at a certain age. We are * * * [dealing] with the rights of an employee to the payment of an annuity provided for under the terms of the statue which became a part of the contract." 164 Or at 87.

In *Taylor*, the court held that a statute providing for retirement benefits can represent an offer for a unilateral contract and that, by continuing to work for the requisite period necessary for retirement, the employee had accepted that offer through his part performance. 265 Or at 452. Accordingly, in *Harryman*, the court held that an allowance for accumulated sick leave under the district's policy was part of the plaintiff's employment contract because he was induced to accept employment, in part, because of the policy. 244 Or at 634-35.

Unlike retirement benefits, the overtime provisions of the FLSA do not constitute a unilateral offer on the part of the state of Oregon that plaintiffs could accept through part performance. As salaried employees, plaintiffs did not accept FLSA benefits by performing under their employment agreements. Moreover, plaintiffs do not argue that they were induced to accept employment based on the understanding that they would receive overtime compensation or worked longer hours because of an understanding that they would receive overtime compensation. Plaintiffs' interests under the FLSA arise only by virtue of the federal statute and its regulations, a regulatory scheme that is independent of the terms of each employment relationship between the state of Oregon and its employees.

In summary, plaintiffs' action depends on the state's duty to pay overtime under the FLSA. Their noncompliance with the OTCA notice requirements is fatal to their action because for purposes of ORS 30.275, their action is considered as founded in tort rather then contract. That characterization occurs because the state's duty arises out of a legal duty imposed by federal law and not out of the employment contracts themselves. This is not a situation where plaintiffs allege that they have been induced to enter into employment relationships because of the provisions of the FLSA or that its provisions are part of a bargained-for consideration in exchange for their performance. Consequently, plaintiffs were required to comply with the OTCA notice requirements in order to bring their action.

Affirmed.

**ARMSTRONG, J.,** dissenting.

As a matter of federal law, the Fair Labor Standards Act (FLSA) regulates the terms of employment contracts, and claims under the act are claims on a contract. Despite that federal construction of a federal statute, the majority concludes that in Oregon a claim under the FLSA is a tort. It therefore dismisses plaintiffs' claims for unpaid overtime on the ground that plaintiffs failed to comply with the notice requirements of the Oregon Tort Claims Act (OTCA). The majority's conclusions arise from a misunderstanding of the applicable federal law and state cases. Because the majority is wrong and this action is in fact contractual in nature, under ORS 30.320 the state has consented to be sued. The trial court therefore erred in dismissing the case, and I dissent from the majority's action in affirming that decision.

Contrary to the majority's conclusion, the FLSA does not create a statutory liability; rather it regulates the terms of employment contracts. It does so by imposing two major requirements on employers: to pay minimum wages and to pay premium pay for overtime.[1] Each of those requirements regulates the contract of employment between the employer and the employee. 29 USC section 206(a) provides that

---

[1] I do not need to consider the Equal Pay Act portions of the FLSA. *See* 29 USC § 206(d).

"[e]very employer shall pay to each of his [covered] employees * * * wages at the following [minimum] rates [.]" 29 USC section 207(a)(1) provides that, with various exceptions, "no employer shall employ any of his employees * * * for a workweek longer than forty hours unless such employee receives compensation for his employment" of time and a half for the overtime. Every employment relationship includes an agreement to pay the employee for the employee's services. Those provisions of the FLSA establish the minimum terms for that part of the employment contract. The FLSA thereby affects the scope of an employer's duties under its contracts with its employees. As so regulated, those duties continue to arise from the employment contract and do not fall into the definition of "tort" in ORS 30.260(8).

That is precisely how the federal courts describe the effect of the FLSA. In *Northwestern Yeast Co. v. Broutin*, 133 F2d 628 (6th Cir 1943), the issue was whether the plaintiff had obtained *quasi in rem* jurisdiction over the defendant in Ohio on an FLSA claim by attaching and garnishing the defendant's property in that state. The relevant Ohio statute limited such provisional process to claims that arose on a contract. The court held that there was jurisdiction because the claim clearly arose on a contract. It pointed out that the FLSA is premised on the existence of an employment contract and that even the double recovery allowed under 29 USC section 216 is compensation for services, not a penalty. "[T]he claim for overtime compensation is founded upon and is coexistent with the contract." *Northwestern*, 133 F2d at 630. The court pointed out that, under the federal decisions, "the statutory obligation contained in the Fair Labor Standards Act is read into and becomes a part of every employment contract between an employer and employee subject to the terms of the Act." *Id.* at 631.

In *Roland Electrical Co. v. Black*, 163 F2d 417 (4th Cir 1947), *cert den* 333 US 854 (1948), the issue was which Maryland statute of limitations applied to an action for overtime pay due under the FLSA, the three-year period for an action on a contract or the twelve-year period for an action on a specialty, which included actions based on a statute. The Fourth Circuit concluded that actions under the FLSA are actions on contracts:

"They depend on the contracts between the parties which arose out of the relationship of employer and employee, and their basic character is not changed by the fact that the terms of employment have been modified by the provisions of the Fair Labor Standards Act. We think that the provisions of the Act with reference to minimum wages, overtime compensation and liquidated damages are read into and become a part of every employment contract that is subject to the terms of the Act. *The liability of the employer is for the wages due under working agreements which the federal statute compels employer and employee to make*." 163 F2d at 426 (emphasis added).

The court favorably quoted an English decision that the effect of a statutory minimum wage is that the employment contract " 'is to be, as it were, reconstructed by striking out the rate of wages, where it is lower than it ought to be, and by inserting the proper rate of wages in accordance with the statute.' " *Id.* at 427 (quoting *Gutsell v. Reeve*, 52 TLR 55, 58 (1935)).

The federal district courts uniformly followed those decisions in holding that contract statutes of limitations governed FLSA actions. *See, e.g., Fletcher v. Grinnell Bros.*, 64 F Supp 778, 779 (ED Mich 1946); *Keen v. Mid-Continent Petroleum Corporation*, 58 F Supp 915, 921 (ND Iowa 1945). In *Cunningham v. Weyerhaeuser Timber Co.*, 52 F Supp 654 (WD Wash 1943), the court held that the proper Washington limitations period for an FLSA claim was that for a contract, rather than that for a liability founded on a statute. It pointed out that the decision turned on whether the obligations that the FLSA created must be read into the employment contract between the plaintiff and the defendant. It emphasized that, under both federal and Washington law, statutes in existence at the time of making a contract form a part of the contract and become incorporated in it so that they are part of its terms. Thus, the language of the FLSA, which had existed for some time before the oral employment contract, must be considered part of that contract. *Cunningham*, 52 F Supp at 656.[2]

---

[2] The majority notes that in each of these cases the federal court had to decide the effect of a state statute. In none of them, however, was there any suggestion that the state had adopted a meaning for "contract" different from that which

The federal courts no longer need to consider those issues because of the adoption of a federal statute of limitations for FLSA actions in the Portal to Portal Act of 1947, 29 USC § 255(a). They have, however, never questioned the principles involved and occasionally still refer to them. *See Continental Cas. Co. v. Anne Arundel Com. College*, 867 F2d 800, 803-04 (4th Cir 1989) (citing *Roland Electrical Co.* for principle that the defendant's equal pay obligations, 29 USC § 206(d), could be deemed to be implied or quasi-contractual obligations). The rule that the minimum wage and overtime provisions of the FLSA are read into employment contracts, thus, appears to be settled federal law. That in itself shows that an FLSA claim is not "the breach of a legal duty that is imposed by law, other than a duty arising from contract or quasi-contract" and, thus, is not a "tort" under the OTCA. ORS 30.260(8).[3]

Even if the federal law is not sufficient to determine the nature of a federal statute, Oregon law is itself consistent with the cases that I have discussed and, on its own, leads to the same result. In Oregon, as in the federal courts, it is well established that the applicable law of the land becomes part of every contract. *See, e.g., Ocean A. & G. Corp., Ltd. v. Albina M.I. Wks.*, 122 Or 615, 617, 260 P 229 (1927); *Northwest Natural Gas Co. v. Chase Gardens, Inc.*, 146 Or App 249, 260, 933 P2d 370, *on recons* 147 Or App 586, 938 P2d 778 (1997), *rev'd on other grounds* 328 Or 487, 982 P2d 1117 (1999). In *Blizzard v. State Farm Automobile Ins. Co*, 86 Or App 56, 61, 738 P2d 983, *rev den* 304 Or 149 (1987), we took that approach with a statute that required insurance companies to offer underinsured motorist coverage to their policyholders. We concluded that, when a company failed to offer the coverage, the appropriate remedy was to read the coverage that the company should have offered into the policy. In the English court's terms, we "reconstructed" the contract by

---

generally applies in common-law jurisdictions. I do not understand the majority to argue that in the OTCA Oregon has given the term some idiosyncratic meaning. Thus the federal cases are as applicable in Oregon as in every other state, with the possible exception of Louisiana.

[3] The *dictum* in *Fullerton v. Lamm*, 177 Or 655, 163 P2d 941 (1946), does not affect that conclusion. The court, without considering any relevant cases, merely suggested a tentative conclusion that had no effect on its holding, as the relevant statute of limitations was six years in either case.

inserting the terms that the statute required the company to offer. The effect was to give the insured a right *on the insurance contract*, not a tort action for a breach of a statutory duty. That is precisely what the federal courts hold is the result of a failure to comply with the FLSA: the employee has a right to recover on the employment contract with the terms that the statute required it to include.[4]

The cases on which the majority relies are not relevant to this issue. There was no issue of a contract in *Urban Renewal Agency v. Lackey*, 275 Or 35, 549 P2d 657 (1976), because there was no contractual relationship between the parties. The question was whether the plaintiff had a statutory duty to the defendant that arose from the plaintiff's condemnation of the defendant's property. The Supreme Court did not have any reason to consider whether the administrative rules should be read into the nonexistent contract. In *Griffin v. Tri-Met*, 318 Or 500, 870 P2d 808 (1994), the question was whether an unlawful employment practice was a tort. Although there was a contractual relationship in that case, nothing about the statute modified the terms of the contract or added new terms to it. Rather, the statute created an independent duty that could, in fact, apply even when there was no contract at all, such as in a refusal to hire. Both of the statutes at issue in those cases are unlike the FLSA, which affects the very heart of an employment contract, the terms of compensation, requiring that those terms comply with the statutory minimums.[5]

---

[1] As the majority notes, ORS chapter 742 requires that insurance policies contain certain minimum terms. It could also have noted that ORS 742.038 provides that a noncomplying policy is not invalid but will be construed as if it complied with the statute. When that happens, the insurance contract remains in force but its terms are those that the statute requires. An action that relies on ORS 742.038 to establish the terms of an insurance policy is an action on a contract, not on a statute. *See Hansen v. Western Home Ins. Co.*, 89 Or App 68, 747 P2d 1007 (1987), *rev den* 305 Or 576 (1988) (construing ORS 742.038 under its former designation as ORS 743.059). It is not clear why the majority believes that that is the result when the Oregon Legislature provides for it but that the result is different when Congress provides for it.

[5] In *Maddox v. Clac. Co. Sch. Dist. No. 25*, 293 Or 27, 643 P2d 1253 (1982), the Supreme Court expressly recognized that compensation is an interest of the parties that exists by virtue of the contract. Thus, *Maddox* is consistent with my position that a statute that regulates compensation modifies the contract rather than creates a new claim, unlike the court's view of a statute that creates a right to be

As the majority notes, after *Alden v. Maine*, 526 US 1002, 119 S Ct 2240, 144 L Ed 2d 636 (1999), plaintiffs' ability to bring this action depends on whether the state has waived its immunity to suit. Because the claim is based on a contract, not a tort, plaintiffs' failure to give notice within the period that the OTCA requires is irrelevant to that question. Rather, the issue is whether ORS 30.320, which provides for actions against state agencies on contracts made within their authority, is a waiver of immunity for these claims, which are based on employment contracts modified to comply with the requirements of the FLSA. I see no reason to distinguish such claims from any other contract claim and would therefore hold that the state has waived its immunity from suit on them. Because the majority holds otherwise, and because of the potential consequences of its decision on other claims,[6] I dissent.

---

free from improper termination, a subject that does not otherwise appear in the contract. The other cases that the majority discusses tend to support my position.

[6] The majority does not consider the effect of its holding on such things as an employee's rights under the state minimum wage law, ORS 653.005 through ORS 653.261, or under the wage payment statutes, *see, e.g.,* ORS 652.120; ORS 652.140. Its conclusions could, however, have a serious effect on the enforcement of those essential portions of the state's public policy protecting workers.