Argued and submitted July 2, 2009, reversed and remanded for reconsideration of plaintiffs' motion to amend their complaint to allege a claim under the FLSA; otherwise affirmed August 11, 2010

Mark BYRD,
Christopher Allori, Robert Fenner, Scott Lorimor, Lawrence Lucas, Jeff Prouzl, and Jeff Scroup, individually and for all others similarly situated, *Plaintiffs-Appellants,*

*v.*

OREGON STATE POLICE,
an agency of the State of Oregon, *Defendant-Respondent.*

Marion County Circuit Court
07C16635; A138308

238 P3d 404

Becky Gallagher argued the cause for appellants. With her on the brief were Rhonda J. Fenrich and Garrettson, Gallagher, Fenrich & Makler, P.C.

Cecil A. Reniche-Smith, Assistant Attorney General, argued the cause for respondent. With her on the brief were Hardy Myers, Attorney General, and Mary H. Williams, Solicitor General.

Before Haselton, Presiding Judge, and Armstrong, Judge, and Rosenblum, Judge.

ARMSTRONG, J.

## ARMSTRONG, J.

Plaintiffs are sergeants with the Oregon State Police. They appeal a judgment that dismissed their complaint against the Oregon State Police (the state) for overtime pay that plaintiffs allege is due them under state law. They assign error to the dismissal of their complaint and to the trial court's denial of their motion to amend their complaint to add a claim under the federal Fair Labor Standards Act (FLSA). The court denied plaintiffs' motion to amend their complaint because it concluded that the state had not waived its sovereign immunity against being sued under the FLSA, so there was no reason to allow plaintiffs to amend their complaint to add such a claim. We conclude that the court did not err in dismissing plaintiffs' state-law claim but erred in concluding that the state has not waived its sovereign immunity against plaintiffs' proposed FLSA claim. We therefore reverse the judgment and remand for the court to reconsider plaintiffs' motion to amend their complaint.

Plaintiffs filed their complaint for overtime pay allegedly due them under state law. The state moved to dismiss the complaint on the ground that it failed to state a claim, because state law did not entitle law enforcement personnel in plaintiffs' positions to be paid overtime pay under the facts alleged by plaintiffs, and on the ground that it failed to allege that plaintiffs had given timely tort claim notice to the state as required by the Oregon Tort Claims Act (OTCA). *See* ORS 30.275. Plaintiffs responded to the motion by moving to amend their complaint to add an allegation that they had given the state the required tort claim notice and to add an FLSA claim. They also argued that they were entitled to be paid overtime pay under Oregon law and, hence, that their complaint would state a claim for overtime pay under state law once it was amended to allege the required tort claim notice. Relying principally on *Alden v. Maine*, 527 US 706, 119 S Ct 2240, 144 L Ed 2d 636 (1999), the state opposed plaintiffs' motion to amend their complaint to add an FLSA claim on the ground that the state had not waived its sovereign immunity against claims under the FLSA and, thus, that plaintiffs could not pursue their proposed FLSA claim against the state. The trial court concluded that plaintiffs were not entitled to be paid overtime pay under state law and

that the state had not waived its sovereign immunity against FLSA claims. It therefore denied plaintiffs' motion to amend their complaint and granted the state's motion to dismiss. This appeal followed.

■ ORS 30.265 is a provision of the OTCA, and it provides that "every public body is subject to action or suit for its torts." The state is a public body that is subject to that provision. *See* ORS 30.260(4)(a); ORS 174.109. The provision effects a waiver of sovereign immunity by the state for actions brought against it in state court on claims that come within the OTCA. *See, e.g., Hale v. Port of Portland,* 308 Or 508, 514-17, 783 P2d 506 (1989). ORS 30.260(8), in turn, defines "tort" for purposes of the OTCA to mean

"the breach of a legal duty that is imposed by law, other than a duty arising from contract or quasi-contract, the breach of which results in injury to a specific person or persons for which the law provides a civil right of action for damages or for a protective remedy."

We held in *Butterfield v. State of Oregon,* 163 Or App 227, 987 P2d 569 (1999), *rev den,* 330 Or 252 (2000), that a claim under the FLSA is a tort claim under the OTCA. Because an FLSA claim is a tort claim under the OTCA, it follows that it is a claim on which the state has waived its sovereign immunity against being sued in state court.

■ The state disagrees. It contends that *Alden* establishes that a state's waiver of sovereign immunity against being sued in its own courts on an FLSA claim must meet the Eleventh Amendment standard for waiver, which is a stringent one. In its view, the state's enactment of the OTCA does not meet that standard, because it does not expressly and unequivocally establish that the state has waived its sovereign immunity against being sued in state court on FLSA claims.

The state misunderstands *Alden. Alden* addressed "whether Congress has the power, under Article I [of the federal constitution], to subject nonconsenting States to private suits in their own courts." 527 US at 730. The court held that

Congress does not have that power. That means that a state has sovereign immunity against being sued in its own courts by private claimants, such as plaintiffs, on FLSA claims notwithstanding the provision in the FLSA that purports to subject states to private suits in their own courts on such claims.

However, *Alden* did not make the Eleventh Amendment standard for waiver of state sovereign immunity applicable to the question whether a state has waived its sovereign immunity against being sued in its own courts. Whether a state has waived its sovereign immunity against being sued in federal court, that is, whether it has waived its protection under the Eleventh Amendment against such actions, presents a federal-law question. Whether a state has waived its sovereign immunity against being sued in its own courts presents a state-law question. We are aware of no principle or authority, and the state has not identified any, that supports the idea that federal law controls the resolution of such a state-law question. Hence, we reject the state's argument that the Eleventh Amendment standard for waiver of sovereign immunity applies to whether the state has waived its immunity against being sued on FLSA claims in state court.

The state has not argued that we erred in concluding, as we did in *Butterfield*, that an FLSA claim is a tort claim under the OTCA. We adhere to that conclusion. It follows that the state has waived its sovereign immunity against being sued on such a claim in state court. The trial court erred in concluding otherwise and in denying plaintiffs' motion to amend their complaint to allege an FLSA claim on the ground that they could not pursue such a claim against the state in state court. Accordingly, we remand this case to the trial court to reconsider plaintiffs' motion to amend their complaint based on a correct understanding of the applicable law.

■ We turn to plaintiffs' other assignment of error, which challenges the dismissal of their state-law claim for overtime pay. ORS 653.268 provides generally for the payment of overtime pay to public employees. ORS 653.269(3) exempts from overtime pay public employees who are engaged in law enforcement activities, as those activities are

defined by Bureau of Labor and Industries (BOLI) rule.[1] OAR 839-020-0220(3) is the BOLI rule that identifies the public employees engaged in law enforcement activities who are not entitled to be paid overtime pay under state law. Plaintiffs do not dispute that they come within the provisions of ORS 653.269(3) and OAR 839-020-0220(3) and that, under those provisions, they are not entitled to overtime pay.

They contend, however, that another BOLI rule, OAR 839-020-0115, effectively supersedes ORS 653.269(3) and OAR 839-020-0220(3) and requires the state to pay plaintiffs overtime pay as a matter of state law to the extent that the FLSA requires it to do so. We reject that contention.

OAR 839-020-0115 provides:

"(1) The Bureau of Labor and Industries has been informed and has reason to believe that there exists confusion and uncertainty on the part of employers concerning the inter-relationship of the Federal Fair Labor Standards Act and the regulations adopted pursuant thereto and the State Minimum Wage Law and the administrative rules adopted thereunder.

"(2) The purpose of this rule, therefore, is to inform employers of the proper application of the law and to direct them to authoritative sources in cases of doubt.

"(3) Employers who are required to comply with the state and the federal laws, regulations and rules referred to in section (1) of this rule are required to comply with all standards set by those laws, regulations and rules. When one set of standards differs from the other, the standards most advantageous to employees must be met. For example, when the state minimum wage requires a higher hourly

---

[1] ORS 653.269(3) provides:

"The provisions of ORS 653.268 relating to pay for overtime shall not apply to:

"* * * * *

"(3) Employees of a public employer, as defined in ORS 243.650, who are employed in fire protection or law enforcement activities, including security personnel in corrections institutions, as those employees and activities are defined by rule of the Commissioner of the Bureau of Labor and Industries."

rate to be paid than the federal minimum wage rate, the state rate must be paid. By paying the higher rate, the employer complies with both standards. Another example is when the employer may qualify for an exemption under the state law but not the federal law. In this case, the employer is required to comply with the federal law.

"(4) Employers may contact the Technical Assistance Unit of the Bureau of Labor and Industries, 800 N.E. Oregon, #32, Portland, OR 97232 for more information on specific fact situations.

"(5) The purpose of this rule is stated in section (2) of this rule. The rule should not be interpreted to mean anything other than this stated purpose."

Plaintiffs focus on subsection (3) of the rule and argue that it imposes an independent state-law requirement on Oregon employers, including the state, to comply with the FLSA to the extent that its provisions are more advantageous to employees than are the comparable state-law provisions. They particularly rely on the example in that subsection that states that an employer that qualifies for an exemption under state law, but not federal law, must comply with the federal law.

We reject plaintiffs' argument about the effect of OAR 839-020-0115 on their state-law claim. The rule states that its purpose is to inform employers about the proper application of the law. Subsection (5) of the rule emphasizes that point. We interpret those provisions to mean that the rule is intended to help Oregon employers comply with the requirements of state and federal law, not to impose any requirements. Hence, we do not interpret the rule to impose, as an independent state-law requirement, a requirement that Oregon employers must comply with the FLSA to the extent that it is more advantageous to employees than is state law. We conclude, therefore, that OAR 839-020-0115 does not operate to require the state to pay plaintiffs overtime pay notwithstanding ORS 653.269(3) and OAR 839-020-0220(3), which exclude public law enforcement personnel such as plaintiffs from the state overtime pay requirement for public employees in ORS 653.268.

Plaintiffs have not identified any other source of law for their state-law claim for overtime pay; nor have we. It follows that the trial court did not err in granting the state's motion to dismiss that claim.

Reversed and remanded for reconsideration of plaintiffs' motion to amend their complaint to allege a claim under the FLSA; otherwise affirmed.