Argued and submitted May 29, 2012, affirmed December 18, 2013, petition for review denied May 8, 2014 (355 Or 380)

Carol JENKINS,
*Plaintiff-Appellant,*

*v.*

PORTLAND HOUSING AUTHORITY,
a political subdivision of the City of Portland,
a municipal corporation,
*Defendant-Respondent.*

Multnomah County Circuit Court
091115351; A147522

316 P3d 369

Willard E. Merkel argued the cause for appellant. With him on the briefs was Merkel & Associates.

Stephan P. Rickles argued the cause for respondent. With him on the brief were Martin W. Jaqua and The Rickles Law Firm, PC.

Before Schuman, Presiding Judge, and Wollheim, Judge, and Nakamoto, Judge.

WOLLHEIM, J.

## WOLLHEIM, J.

In this action under the Oregon Residential Landlord and Tenant Act (ORLTA), ORS chapter 90, plaintiff appeals from a judgment for defendant after the trial court granted defendant's motion for summary judgment on the ground that defendant was entitled to discretionary immunity. On appeal, plaintiff argues that the trial court erred in granting defendant's motion for summary judgment. For the reasons that follow, we affirm.

We state the facts in the light most favorable to the nonmoving party—*i.e.*, plaintiff. *See* ORCP 47 C. Plaintiff rented an apartment in a public housing complex operated by defendant Housing Authority of Portland (HAP). In July 2009, as plaintiff was walking to her apartment through a common hallway of her building, she slipped and fell in a puddle of water that had leaked from a broken washing machine in a nearby laundry room, resulting in injuries to her foot and ankle. She brought this action against HAP, seeking damages under the habitability provisions of the ORLTA, ORS 90.320.[1] Although plaintiff's amended complaint also alleged a violation of the rental agreement, it did not attach or refer to specific provisions of the rental agreement.

The parties filed cross-motions for summary judgment on the question of liability. The trial court determined that HAP, as a public body, had discretionary immunity under the Oregon Tort Claims Act (OTCA), ORS 30.260 to 30.300; ORS 30.265(6)(c) (every public body is immune from liability for "[a]ny claim based upon the performance of or

---

[1] Specifically, plaintiff alleged a violation of ORS 90.320(1)(h), which provides:

"(1) A landlord shall at all times during the tenancy maintain the dwelling unit in habitable condition. For purposes of this section, a dwelling unit shall be considered unhabitable if it substantially lacks:

"* * * * *

"(h) Floors, walls, ceilings, stairways and railings maintained in good repair[.]"

Plaintiff's complaint also included factual allegations that potentially fall within ORS 90.320(1)(f) (keeping buildings "safe for normal and reasonably foreseeable uses") and (1)(i) (keeping "[v]entilating, air conditioning and other facilities and appliances * * * maintained in good repair").

the failure to exercise or perform a discretionary function or duty, whether or not the discretion is abused"),[2] and was therefore immune from liability for plaintiff's injury. On that ground, the court granted HAP's motion for summary judgment, denied plaintiff's motion as moot, and dismissed the claim.

On appeal, plaintiff assigns error to the granting of HAP's motion for summary judgment, asserting that a discretionary immunity defense under the OTCA is not available to public bodies for claims brought under the ORLTA. Plaintiff raises two arguments in support of her assignment of error. First, she argues that HAP's obligation under the ORLTA to maintain its washing machines in good repair at all times was a "ministerial" function and not one subject to discretionary immunity under the OTCA. Plaintiff did not raise that argument to the trial court. We therefore decline to consider plaintiff's contention for the first time on appeal. *See State v. Timmermann*, 220 Or App 458, 464, 187 P3d 744 (2008) (recognizing the underlying purposes of preservation to ensure fairness and efficiency).

Second, plaintiff argues that the trial court erred in applying the OTCA to her claim because a claim brought under the ORLTA arises from a rental agreement and, therefore, is not a tort claim for the purposes of ORS 30.260(8). HAP asserts that plaintiff did not preserve that claim of error either, but we disagree. The trial court noted at the summary judgment hearing that, in response to HAP's assertion of discretionary immunity, plaintiff asserted "that the landlord-tenant relationship is a contractual relationship, which is an umbrella overall even if the only pleading is as to a tort." The trial court then rejected plaintiff's argument and granted summary judgment to HAP. We conclude that the trial court heard, considered, and determined whether the OTCA applies to plaintiff's claim, and

---

[2] Defendant argued that HAP is a "public body" and a "public corporation," as those terms are used in the OTCA, and that the discretionary function implicated by plaintiff's ORLTA claim is the periodic inspection and maintenance of a public housing complex. Defendant argued further that, because the level of maintenance-related staffing provided by HAP constituted a substantial budgetary item for the Housing Authority, "the discretionary immunity defense fully applies to this case and precludes any attempt by plaintiff to import tort liability on defendant under the ORLTA."

that plaintiff's second argument is therefore sufficiently preserved for our consideration on appeal.[3]

We turn, then, to the question whether the trial court erred in concluding that plaintiff's claim constitutes a "tort" subject to the OTCA.[4] For purposes of the OTCA, ORS 30.260(8) defines a tort as

"the breach of a legal duty that is imposed by law, other than a duty arising from contract or quasi-contract, the breach of which results in injury to a specific person or persons for which the law provides a civil right of action for damages or for a protective remedy."

The parties do not dispute that plaintiff alleged (1) breach of a legal duty imposed by law; (2) a resulting injury to plaintiff; and (3) a civil right of action for damages under the ORLTA, ORS 90.125(1). Nor do the parties dispute that claims under the ORLTA sound in tort. *See Bellikka v. Green*, 306 Or 630, 636, 762 P2d 997 (1988) (recognizing that violations of the ORLTA give rise to a statutory tort).[5] Additionally, plaintiff concedes that she did not plead her claim as one for breach of a term that appears in the rental agreement. Nonetheless, plaintiff contends that, although her claim is a tort for some purposes, it falls within the exception to the definition of a

---

[3] As additional support for its argument that plaintiff did not preserve her contention regarding the OTCA's applicability, HAP asserts that we should not reach the merits of plaintiff's contentions on appeal because plaintiff is bound by an agreement that she would dismiss her case if the trial court denied her motion for summary judgment. However, the record reflects that the trial court did not expressly rule on the merits of plaintiff's summary judgment motion, but rather denied it as moot. Thus, we reject HAP's contention.

[4] The OTCA provides discretionary immunity for public bodies from certain tort liability:

"Every public body and its officers, employees and agents acting within the scope of their employment or duties * * * are immune from liability for:

"* * * * *

"(c) Any claim based upon the performance of or the failure to exercise or perform a discretionary function or duty, whether or not the discretion is abused."

*Former* ORS 30.265(3) (2009), *renumbered* as ORS 30.265(6) (2011).

[5] We decline to consider plaintiff's argument, made for the first time on appeal, that a claim for the violation of the ORLTA's habitability provisions is not a tort, because no civil right of action for damages resulting from habitability violations exists at common law. We express no opinion on the merits of plaintiff's argument.

tort for purposes of the OTCA, because it involves the breach of a "duty arising from contract." In plaintiff's view, without a rental agreement, there is no landlord-tenant relationship. More specifically, plaintiff's theory is that (1) all residential rental agreements are subject to the ORLTA habitability provisions, *see* ORS 90.115 ("This chapter applies to, regulates and determines rights, obligations and remedies under a rental agreement, wherever made, for a dwelling unit located within this state."), and (2) the ORLTA provisions are incorporated as terms of every rental agreement; therefore, (3) any action under the ORLTA asserts the breach of "a duty arising from contract." Thus, our focus is a narrow one—to determine whether plaintiff's ORLTA claim falls within the exemption from the definition of a tort under the OTCA for "a duty arising from contract."

In *Urban Renewal Agency v. Lackey*, 275 Or 35, 38, 549 P2d 657 (1976), the court stated that, for purposes of the OTCA, "[a]s a general rule, * * * any breach of a legal duty resulting in damages, other than *those created by contract*, is a tort, whether that duty is imposed by the common law or by statute." (Emphasis added.) Subsequent to *Urban Renewal Agency*, in 1985, the legislature adopted the current definition of a "tort" under the OTCA. Or Laws 1985, ch 731, § 31; *Comcast of Oregon II, Inc. v. City of Eugene*, 346 Or 238, 253, 209 P3d 800 (2009).[6] We conclude that, consistent with *Urban Renewal Agency*, "a duty arising from contract" as used in ORS 30.260(8) is a duty *created* by the contract itself, and not a duty imposed by common law or statute.

Although plaintiff is correct that ORS 90.115 provides that every residential rental agreement is *subject* to the ORLTA, that does not mean that the provisions of the ORLTA are themselves terms of the rental agreement. Our case law has distinguished, for purposes of the OTCA, between tort claims that arise in the course of a contractual relationship and those claims that arise from the breach of some express or implied term in the underlying contract

---

[6] That definition, formerly a part of ORS 30.265(1), was moved without modification to the definition section of the OTCA, ORS 30.260, in 1987. Or Laws 1987, ch 705, §§ 6, 7; *Comcast of Or II*, 346 Or at 253 n 14.

itself. In *Butterfield v. State of Oregon*, 163 Or App 227, 230, 987 P2d 569 (1999), *rev den*, 330 Or 252 (2000), the plaintiffs, salaried employees of the state, brought claims against the State of Oregon to recover overtime compensation that they claimed was owed to them under the Fair Labor Standards Act (FLSA). The trial court, in part, held that the OTCA applied and that the plaintiffs had not given timely notice to the state. *Id.* The trial court dismissed the plaintiffs' claims. *Id.* On appeal, the plaintiffs argued that the OTCA did not apply. *Id.* at 231. However, we rejected the plaintiffs' argument that the state's duty to pay overtime arose out of an employment contract. *Id.* at 232-34. We concluded that, "because the duty relied on by the plaintiffs [was] imposed not by the terms of their employment relationships with the state but by federal law, the legislature would have intended [the] plaintiffs' actions to be considered as founded in tort and subject to the OTCA notice provisions." *Id.* at 234; *see also Griffin v. Tri-Met*, 318 Or 500, 507, 870 P2d 808 (1994) (applying OTCA to unlawful employment practice claim under *former* ORS 659.425(1), *renumbered* as ORS 659A.142 (2001); *Brinkley v. Oregon Health Sciences University*, 94 Or App 531, 536, 766 P2d 1045 (1988), *rev den*, 307 Or 571 (1989) (rejecting argument that statutory claims against former employer sounded in contract rather than tort merely because they arose generally out of employment contract).

In reaching our conclusion in *Butterfield*, we relied on *Maddox v. Clac. Co. Sch. Dist. No. 25*, 293 Or 27, 643 P2d 1253 (1982), in which the Supreme Court held that a school teacher, whose contract was expressly subject to state laws prohibiting termination of probationary teachers at will, could not bring a claim for breach of contract based on her termination from employment when the contract itself made no mention of remedies for improper termination. *Butterfield*, 163 Or App at 235. The court explained in *Maddox*:

> "Those interests of the parties which exist by virtue of the contract (*e.g.*, compensation) may be protected by contract remedies. The [p]laintiff's freedom from improper termination, however, does not arise from the contract. That interest exists by virtue of the statute. His remedies also exist by virtue of the statute. The contract only

acknowledges that its provisions (*e.g.*, term) are 'subject to,' among other things, the termination provisions of [the statute]. No additional contract right or remedy to enforce the statute is created by the 'subject to' provision."

*Maddox*, 293 Or at 33. Likewise, in *Butterfield*, we rejected the notion that the FLSA had become part of the contracts between the state and the plaintiffs. *Butterfield*, 163 Or App at 236.

Here, plaintiff's claim is not based on any duty that arises from an express or implied term of the rental contract itself. Plaintiff's amended complaint included a general allegation of violation of the rental agreement, but, as plaintiff acknowledges, she did not allege the breach of any term in the rental agreement itself. Her claim is based, instead, on the breach of statutory duties that arise from the landlord-tenant relationship. Under the ORLTA, landlords are subject to the habitability requirements in ORS 90.320(1) regardless of whether the parties manifest any intention of agreement to those terms. That is so because the duty is imposed by statute and is independent of the terms of a rental agreement.[7] The relevance of the rental agreement in this case was to establish that the ORLTA provisions were applicable. *See Waldner v. Stephens*, 345 Or 526, 537, 200 P3d 556 (2008) (reasoning that the plaintiffs' reliance on the rental agreement to prove an element of their claim did not mean that the action arose under that agreement). However, HAP's duty to plaintiff arose from the ORLTA, and not from the rental agreement itself. Therefore, we

---

[7] The Oregon legislature has mandated that certain contracts include certain terms (*see, e.g.*, ORS chapter 742, requiring certain statutory requirements to be expressed in insurance policies); however, the ORLTA does not include any such mandate involving rental agreements. *See Butterfield*, 163 Or App at 236.

ORS 12.125 provides that "[a]n action arising under a rental agreement or ORS chapter 90 shall be commenced within one year." In *Waldner v. Stephens*, 345 Or 526, 542-43, 200 P3d 556 (2008), the Supreme Court interpreted the phrase "actions arising under a rental agreement or [the ORLTA]" to include only those "claims that are directly authorized by the ORLTA, *i.e.*, claims that seek damages or injunctive relief *as provided in the ORLTA* for a violation of *either* the rental agreement or some requirement imposed on landlords or tenants only by a provision of the ORLTA." (Bracketed material in original; first emphasis added; second emphasis in original.) Again, plaintiff does not allege any violation of the rental agreement but instead relies on the breach of an obligation imposed on landlords under a provision of the ORLTA.

affirm the trial court's determination that plaintiff's claim under the ORLTA is a tort claim subject to the OTCA. In view of the trial court's determination that HAP was entitled to discretionary immunity under the OTCA, we affirm the trial court's ruling granting defendant's motion for summary judgment.

Affirmed.